UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CAMPBELL, et al.,
           Plaintiffs,    )

    v.                    )     Civil Action No. 99-2979
                    )         (EGS)[47-1]

NATIONAL RAILROAD PASSENGER
CORPORATION (AMTRAK), et al.  )
           Defendants.   )

FILED

JAN 2 6 2001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION AND ORDER

Pending before the Court is defendant's motion to dismiss plaintiff's class claims under Fed. R. Civ. P. 12(b)(6). Defendant contends that plaintiffs do not meet the requirements of Fed. R. Civ. P. 23 and that plaintiffs have failed to state a claim upon which relief can be granted because "the claim at issue here is whether the plaintiffs can maintain this litigation as a class action."  In the Court's view, plaintiff's complaint is sufficient at this stage of the proceedings to warrant discovery and a hearing at a later date on the issue of class certification.  The parties may conduct discovery regarding the appropriateness of class certification.  If plaintiffs request class certification, defendant will have an opportunity at that time to attack the appropriateness of class certification.

This Circuit has stated that "[d]ismissal under Rule 12(b)(6) is proper when, taking the material allegations of the



1



complaint as admitted, . . . and construing them in plaintiffs'
favor, . . . the court finds that the plaintiffs have failed to
allege all the *material elements of their cause of action.*"
*Taylor v. Federal Deposit Insurance Corporation*, 132 F.3d 753,
761 (D.C. Cir. 1997)(emphasis added).  Class standing is not a
material element of plaintiffs' cause of action.

Further defendant cannot cite any instance where a district
court has dismissed a class claim on a 12(b)(6) motion.
Defendant cited a 1978 Fifth Circuit case that stated "[i]n rare
instances, maintainability [of a class action] may be determined
on the basis of pleadings . . . ." *Satterwhite v. City of
Greenville*, 578 F.2d 987, 998 (5th Cir. 1978) *vacated and
remanded on other grounds*, 445 U.S. 940 (1980).  However, the
Fifth Circuit went on to say in the same sentence that "if there
is any genuine doubt with respect to the propriety of a class
action, a preliminary evidentiary hearing is essential."  *Id.*
This case does not rise to the level of a "rare instance."

In *Wagner v. Taylor*, 836 F.2d 578, 589 (D.C. Cir. 1987),
this Circuit has stated that "[t]he fact that the complaint of a
plaintiff aspiring for the post of class representative is cast
in terms too broad to satisfy *Falcon's* prescriptions hardly
justifies outright disapproval of class status while further
effort holds out some discernable prospect of achieving

2

compliance.   It may be possible, for example, for the plaintiff
to accumulate through discovery the information needed to make a
"specific presentation" incorporating the elements called for by
Rule 23."

Both parties spend considerable time and paper discussing
the merits of class certification and the Supreme Court's
decisions in *International Brotherhood of Teamsters v. United
States*, 431 U.S. 324 (1977) and *General Telephone Company of the
Southwest v. Falcon*, 457 U.S. 147 (1982).   This Court will not
analyze the merits of class certification at this time because
the complaint is sufficient at this early stage of the
proceedings to indicate a "discernable prospect" of achieving
class certification.   The appropriate time for that discourse
will be in consideration of a motion for class certification.
Accordingly, defendant's motion is hereby DENIED.

**IT IS SO ORDERED.**

1/25/01
_____
DATE

EMMET G. SULLIVAN
**UNITED STATES DISTRICT JUDGE**

3

Notice to:

Timothy R. Fleming, Esquire
Robert F. Childs, Jr., Esquire
Scott A. Gilliland, Esquire
Lee D. Winston, Esquire
Jon C. Goldfarb, Esquire
Bryon R. Perkins, Esquire
Derek B. Brett, Esquire
GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.
1621 Connecticut Avenue, N.W.
Suite 400
Washington, D.C.   20009
    *Counsel for Plaintiffs*

Thomas Reinert, Esquire
Grace Speights, Esquire
MORGAN, LEWIS & BOCKIUS
1800 M Street, N.W.
Washington, D.C.   20036
    *Counsel for the National Railroad Passengers*
    *Corporation (AMTRAK)*

4

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
3RD & CONSTITUTION AVE., NW
WASHINGTON,  DC  20001
December 21, 2000

KENNETH CAMPBELL, et al

Plaintiff(s)

V.

NATIONAL RAILROAD PASSENGER            Civil Action No. 99-2979
CORPORATION,  et al

Defendant(s)

## CIVIL NOTICE

Please be advised that the above entitled case is rescheduled in Court:

CASE RESET FOR: MOTION HEARING

DATE:              JANUARY 24, 2001

TIME:              11:30 A.M.

JUDGE:            EMMET G. SULLIVAN

COURTROOM:    No. 1        ⁻        2ND  Floor

THIS MOTION HEARING WAS PREVIOUSLY SCHEDULED FOR 1/10/01.  THE
MOTION HEARING IS CONTINUED TO 1/24/01.

NANCY MAYER-WHITTINGTON, Clerk

cc:  Chambers                    By: _____ CAROL VOTTELER, 354-3152
     File
     Courtroom Clerk                              Deputy Clerk

     Warren Kaplan, Esquire
     Timothy Fleming, Robert Childs, Scott Gilliland, Lee Winston, Jon Goldfarb, Byron Perkins, Esquire
     Lori Kisch, Daria Neal, Esquire
     Joseph Guerrieri,  Jeffrey Bartos, Esquire
     Thomas Reinert, Esquire
     Grace Speights, Esquire
     Michael Wolly, Esquire
     Erick Genser, Esquire