# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KENNETH CAMPBELL, ET AL.,          )
                                   )
            Plaintiffs,            )
                                   )
      v.                           )     1:99CV02979 (EGS)
                                   )
NATIONAL RAILROAD PASSENGER        )     CLASS ACTION
    CORPORATION                    )
                                   )
            Defendants.            )
                                   )

**FILED**

FEB - 4 2002

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S ANSWER TO
## THIRD AMENDED COMPLAINT

Defendant, National Railroad Passenger Corporation ("Amtrak"), hereby responds to the

Third Amended Complaint, according to the numbered paragraphs thereof, as follows:

### NATURE OF THIS ACTION

1.      Amtrak acknowledges that Plaintiffs seek to bring this action on behalf of the

named Plaintiffs and other African-American applicants and employees that they seek to

represent.  Amtrak denies the remaining allegations in Paragraph 1.

2.      Amtrak acknowledges that Plaintiffs are seeking the relief specified in Paragraph

2.

### JURISDICTION AND VENUE

3.      Amtrak admits that Plaintiffs purport to invoke this Court's jurisdiction pursuant

to the statutes set forth in Paragraph 3, and otherwise denies the allegations in Paragraph 3.

4.      Amtrak admits that Plaintiffs purport to have appropriate venue in this

jurisdiction.  Amtrak admits that its corporate headquarters are located in the District of



Columbia and that it maintains some personnel records in the District of Columbia. Amtrak

denies the remaining allegations of Paragraph 4.

## CONDITIONS PRECEDENT TO SUIT UNDER TITLE VII

5.     Amtrak admits upon information and belief that Plaintiffs Carlos Belgrave,

Arshall Qualls, Linda Stroud, Inez Tarver, Kimberli Hornes and Miriam Morgan received right

to sue letters issued by the United States Equal Employment Opportunity Commission ("EEOC")

which are sufficient to comply with the conditions precedent to filing suit under Title VII.

Amtrak is without sufficient information or belief concerning the allegations regarding Plaintiffs

Donald Batts and Audley Boland.  Amtrak denies the remaining allegations in Paragraph 5.

6.     Paragraph 6 alleges conclusions of law to which no response is required.  To the

extent that a response is required, Amtrak acknowledges that Plaintiffs purport to rely on their

own charges or those of other named Plaintiffs, and that 42 U.S.C. § 1981 does not require

administrative exhaustion.  The remaining allegations in Paragraph 6 are denied.

## PARTIES

7.     Admitted.

8.     Admitted.

9.     Admitted.

10.     Admitted.

11.     Admitted.

12.     Admitted.

13.     Amtrak denies that Plaintiff Sabrenna Mumphrey ("Mumphrey") was

continuously employed by Amtrak from July 1994 to the present.   The remaining allegations

contained in Paragraph 13 are admitted.

14.     Admitted.

15.      Admitted.

16.     Amtrak denies that Plaintiff Timothy McKissic ("McKissic") was continuously employed by Amtrak.  The remaining allegations contained in Paragraph 16 are admitted.

17.     Admitted.

18.     Admitted.

19.     Admitted.

20.     Amtrak denies that Plaintiff Harold Redfern ("Redfern") was hired in 1991 or that he retired from service. The remaining allegations contained in Paragraph 20 are admitted.

21.     Admitted.

22.     Admitted.

23.     Admitted.

24.     Amtrak denies that Plaintiff William Miller ("W. Miller") was continuously employed by Amtrak. The remaining allegations contained in Paragraph 24 are admitted.

25.     Amtrak denies that Plaintiff Daryl Latham [sic] was hired on August 6, 1993. The remaining allegations contained in Paragraph 25 are admitted.

26.     Admitted.

27.     Admitted.

28.     Admitted.

29.     Admitted.

30.     Admitted

31.     Admitted.

32.     Amtrak denies that Plaintiff Arshell Qualls ("Qualls") was continuously employed by Amtrak or that she was hired in 1974. The remaining allegations of Paragraph 32 are admitted.

33.     Amtrak denies that Plaintiff Linda Stroud ("Stroud") was hired in October 1980. Amtrak further denies that Stroud filed her original charge on March 20, 1997. The remaining allegations contained in Paragraph 33 are admitted.

34.     Admitted.

35.     Admitted.

36.     Admitted.

37.     Admitted.

38.     Amtrak denies that Plaintiff Devern Fleming, Sr. ("Fleming") has been continuously employed by Amtrak since 1992. The remaining allegations contained in Paragraph 38 are admitted.

39.     Admitted.

40.     Admitted.

41.     Admitted.

42.     Admitted.

43.     Admitted.

44.     Amtrak denies that Plaintiff Donald Shepard ("Shepard") was employed by Amtrak in 1971. The remaining allegations contained in Paragraph 44 are admitted.

45.     Admitted.

46.    Admitted.

47.    Amtrak denies that Plaintiff Faye Williams ("Williams") has been employed by Amtrak since 1981.  The remaining allegations of Paragraph 47 are admitted.

48.    Admitted.

49.    Admitted.

50.    Amtrak denies that Plaintiff Timeka Collier ("Collier") was employed by Amtrak since June 1993.  The remaining allegations of Paragraph 50 are admitted.

51.    Admitted.

52.    Amtrak denies that Plaintiff Kimberli Hornes ("Hornes") was terminated on July 6, 1998.   The remaining allegations contained in Paragraph 52 are admitted.

53.    Amtrak admits the first sentence of Paragraph 53 but is without sufficient knowledge or information concerning the remaining allegations contained therein regarding Plaintiff Wanda Johnson ("W. Johnson"), and therefore denies such allegations.

54.    Amtrak is without sufficient knowledge or information sufficient concerning the allegations contained in Paragraph 54 with respect to Plaintiff Daisy Moore ("Moore"), and therefore denies such allegations.

55.    Admitted.

56.    Amtrak denies that Plaintiff Clyde Briscoe ("Briscoe") was constructively discharged.  The remaining allegations contained in Paragraph 56 are admitted.

57.    Amtrak denies that Plaintiff Michael Steward ("Steward") was hired in June of 1994. The remaining allegations contained in Paragraph 57 are admitted.

58.    Admitted.

59.     Admitted.

60.     Admitted.

61.     Amtrak denies that Plaintiff Quinton Saunders ("Q. Saunders") was wrongfully terminated.  The remaining allegations contained in Paragraph 61 are admitted.

62.     Admitted.

63.     Admitted.

64.     Admitted.

65.     Admitted.

66.     Admitted.

67.     Admitted.

68.     Amtrak denies that Plaintiff Mary Mitchell ("Mitchell") was employed by Amtrak in 1987. The remaining allegations contained in Paragraph 68 are admitted.

69.     Amtrak denies that Plaintiff Steven Johnson ("S. Johnson") was employed by Amtrak since 1993.  The remaining allegations of Paragraph 69 are admitted.

70.     Amtrak denies that Plaintiff Minnie Baker ("Baker") was terminated on April 1, 1998. The remaining allegations contained in Paragraph 70 are admitted.

71.     Amtrak denies that Plaintiff Robert Guerra ("Guerra") is African American. Amtrak further denies that Guerra was continuously employed by Amtrak since 1986. The remaining allegations contained in Paragraph 71 are admitted.

72.     Admitted.

73.     Admitted.

74.     Amtrak denies that Plaintiff Sonia Hodge ("Hodge") is African American. The

remaining allegations contained in Paragraph 74 are admitted.

75.     Admitted.

76.     Admitted.

77.     Amtrak admits that Plaintiff Karl Thomson ("Thomson") applied for positions at Amtrak in its Northeast Corridor SBU.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 77, and therefore denies such allegations.

78.     Admitted, except that Amtrak is without sufficient knowledge or information concerning the allegations relating to the number of times Daniels applied for a position with Amtrak or that he has applied since the 1980's, and therefore denies such allegations.

79.     Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 79 and therefore denies such allegations.

80.     Amtrak admits that it is incorporated and headquartered in the District of Columbia.  Amtrak further admits that it provides passenger rail service through a number of rail stations nationwide.  The remaining allegations contained in Paragraph 80 are denied.

81.     The allegation contained in the first sentence of Paragraph 81 is admitted.  The remaining allegations contained in Paragraph 81 are conclusions of law to which no response is required.  To the extent that a response is required, Amtrak avers that Defendants IBEW, NCF&O, BLE, TCU, BRC, UTU, ARSA, ASWC, AFRP, BRS, TWU. JCC, SMWIA, IBBB, and IAM were dismissed from this action by Court order dated June 20, 2000 and are no longer parties to this action.

## CLASS ACTION ALLEGATIONS

**A.**     **General Facts and Class Definition.**

82.     Amtrak admits the first five sentences of Paragraph 82.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 82, and therefore denies such allegations.

83.     Amtrak is without sufficient knowledge or information concerning the proposed classes or its members, and therefore denies the allegations contained in the last sentence of Paragraph 83.  The remaining allegations are admitted.

84.     Amtrak is without sufficient knowledge or information concerning the proposed classes or its members, and therefore denies the allegations contained in the last sentence of Paragraph 84.  The remaining allegations are admitted.

85.     Amtrak is without sufficient knowledge or information concerning the proposed classes or its members, and therefore denies the allegations contained in the last sentence of Paragraph 85.  The remaining allegations are admitted.

86.     Amtrak is without sufficient knowledge or information concerning the proposed classes or its members, and therefore denies the allegations contained in the last sentence of Paragraph 86.  The remaining allegations are admitted.

87.     Amtrak admits that Plaintiffs seek to maintain claims on their own behalf and on behalf of a class or classes of employees and applicants.  Amtrak denies the remaining allegations of Paragraph 87.

88.     Denied.

89.     Denied.

90.     Denied.

**B.      Efficiency of Class Prosecution of Common Claims.**

91.     Denied.

**C.      Numerosity and Impracticability of Joinder.**

92.     Denied.

**D.      Common Questions of Law and Fact.**

93.     Denied.

94.     Denied.

95.     The first sentence of Paragraph 95 is admitted.  The remaining allegations in

Paragraph 95 are denied.

96.     Denied.

97.     Denied.

98.     Denied.

**E.      Typicality of Relief Sought.**

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Amtrak admits that some of the named Plaintiffs have complained of racial

discrimination and hostile working conditions.  Amtrak denies that any and all of these

complaints were not investigated.  Amtrak denies that it does not have adequate procedures in

place to specifically address complaints of discrimination.  The remaining allegations contained in Paragraph 104 are denied.

105.   Denied.

106.   Amtrak admits that Plaintiffs seek the relief specified in paragraph 106.  Amtrak otherwise denies the allegations in Paragraph 106.

**F.**   **Adequacy of Representation**.

107.   Denied.

**G.**   **Requirements of Rule 23(b)(2)**.

108.   Denied.

109.   Denied.

**H.**   **Requirements of Rule 23(b)(3)**.

110.   Denied.

111.   Denied.

112.   Denied.

113.   Paragraph 113 is a statement by Plaintiffs that requires no response.  To the extent that a response is required, Amtrak admits that a case brought by Larry Turner remains pending. Amtrak is without sufficient knowledge or information concerning Larry Turner's membership in any class proposed by Plaintiffs.

114.   Denied except that Amtrak admits that its corporate headquarters is in Washington, D.C. and that some operations of the Northeast Corridor ("NEC") are located in Washington, D.C. Amtrak denies that *McLaurin, et al. v. Amtrak*, C.A. 1:98cv2019 (EGS) ("McLaurin Litigation") remains pending before this Court.

## CLASS CLAIMS

115.   Denied.

116.   Denied.

117.   Denied.

118.   Denied.

119.   Denied.

120.   Denied.

121.   Amtrak admits that some of the named Plaintiffs have complained of hostile

working conditions.  Amtrak denies the remaining allegations in Paragraph 121.

122.   Denied.

123.   Denied.

## ALLEGATIONS OF THE NAMED PLAINTIFFS

### Kenneth Campbell

124.   Amtrak admits that Campbell has been employed by Amtrak since May 19, 1986

in its Intercity SBU and that his current title is Assistant Conductor.  The remaining allegations

of Paragraph 124 are denied.

125.   Amtrak admits that Campbell was originally hired as  Lead Service Attendant and

that he advanced to the title of Conductor.  Amtrak further admits that training and testing may

be required for employees to advance from one position to another.  The remaining allegations of

Paragraph 125 are denied.

126.   Denied.

127.   Amtrak is without sufficient knowledge or information concerning the allegations

contained in Paragraph 127, and therefore denies such allegations.

128.    Amtrak is without sufficient knowledge or information concerning the allegations

contained in Paragraph 128, and therefore denies such allegations.

129.    Denied.

130.    Denied.

**Donald Batts**

131.    Admitted.

132.    Denied.

133.    Amtrak admits that Batts applied for a Temporary Customer Service Supervisor

position in 1996, was interviewed by Jerry Bridgeforth (White), Sharon Gray (White) and Daniel

Aboud (White) but was not selected for the position.  Amtrak further admits that Elizabeth Hill

was selected for the position and that she is White.  The remaining allegations contained in

Paragraph 133 are denied.

134.    Denied.

**Patricia Young Boseman**

135.    Amtrak admits that Young-Boseman was originally employed by Amtrak as a

Coach  Attendant, promoted to Food Specialist and promoted again to Lead Service Attendant.

The remaining allegations contained in Paragraph 135 are denied.

136.    Denied.

137.    Amtrak admits that Young-Boseman was terminated for cause and reinstated at

the conclusion of a hearing on a subsequently filed union grievance.  The remaining allegations

contained in Paragraph 137 are denied.

138.    Denied.

139.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 139, and therefore denies such allegations.

140.    Denied.

## Kenneth McDaniel

141.    Amtrak admits that McDaniel was hired as a Service Attendant in the On-Board Services Department within Amtrak's Intercity SBU on November 12, 1973.  The remaining allegations contained in Paragraph 141 are denied.

142.    Denied.

143.    Amtrak admits that McDaniel was terminated for cause and reinstated at the conclusion of a hearing on a subsequently filed union grievance.  The remaining allegations contained in Paragraph 143 are denied.

144.    Denied.

145.    Denied.

146.    Denied.

## Vicki Jones-Whitties

147.    Amtrak admits the allegations contained in the first sentence of Paragraph 147 and that Jones-Whitties was terminated in October 2001.  The remaining allegations of Paragraph 147 are denied.

148.    Denied.

149.    Amtrak admits that Allen Scalsboro is White. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 149, and

therefore denies such allegations.

150.     Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 150, and therefore denies such allegations.

151.     Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 151, and therefore denies such allegations.

152.     Amtrak admits that J. McArthur was a General District Manager in 1997 and that he is White.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 152, and therefore denies such allegations.

153.     Amtrak admits that Bea Hill was Jones-Whitties supervisor in 1997 and that she is White.  Amtrak also admits that Michael Parnell is White.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 153, and therefore denies such allegations.

154.     Amtrak admits that Jones-Whitties was charged with violating Amtrak policy in 1997.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 154, and therefore denies such allegations.

155.     Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 155, and therefore denies such allegations.

156.     Amtrak admits that Brett McDaniel is White. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 156, and therefore denies such allegations.

157.     Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 157, and therefore denies such allegations.

158.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 158, and therefore denies such allegations.

159.    Denied.

**Treadwell Smith**

160.    Admitted.

161.    Denied.

162.    Amtrak admits that Smith was originally awarded the Foreman III position at Chicago Union Station in August 1998 and that the award was subsequently rescinded, the position re-posted and awarded to Patrick Sleigher, who is White.  Amtrak further admits that Steve Reynolds is White. Amtrak is without sufficient knowledge or information to concerning the remaining allegations contained in Paragraph 162, and therefore denies such allegations.

163.    Amtrak admits the first sentence of Paragraph 163, but denies the remaining allegations contained therein.

164.    The first and second sentence of Paragraph 164 are denied.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 164, and therefore denies such allegations.

165.    Amtrak admits that Ken Bibley was Smith's supervisor in 1998 and is White. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 165, and therefore denies such allegations.

166.    Denied.

**Sabrenna Mumphrey**

167.    Amtrak admits the allegations contained in Paragraph 167, except that Deborah

Wetter (White) was General Manager, Customer Services Department, not Regional Manager, and Amtrak denies that Wetter terminated Mumphrey.

168.   Denied.

169.   Amtrak admits that Brett McDaniel is White, Station Manager John Quigley ("Quigley") is White and that Pamela Micheaux is African American. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 169, and therefore denies such allegations.

170.   Amtrak avers that this allegation was the subject of an expired administrative charge filed with the EEOC on February 23, 1998 for which a right to sue was issued on September 4, 1998.  Amtrak further avers that pursuant to the Memorandum Order entered by the Court in this matter on September 6, 2001, this allegation should have been removed from Plaintiffs' Third Amended Complaint and therefore no answer is required.   To the extent that a response is required, Amtrak admits that it maintains a Pass Rider Policy for its employees and that Mumphrey's violation of that policy resulted in her suspension in December 1997.  The remaining allegations contained in Paragraph 170 are denied.

171.   Denied.

172.   Amtrak avers that this allegation was the subject of an expired administrative charge filed with the EEOC on February 23, 1998 for which a right to sue was issued on September 4, 1998.  Amtrak further avers that pursuant to the Memorandum Order entered by the Court in this matter on September 6, 2001, this allegation should have been removed from Plaintiffs' Third Amended Complaint and therefore no answer is required.   To the extent that a response is required, Amtrak admits that Mumphrey was charged with sleeping on the job, a rule

violation that resulted in her termination. The remaining allegations of Paragraph 172 are denied.

173.   Denied.

**Ricky Murdock**

174.   Amtrak admits that Murdock is currently a Ticket Clerk in its Intercity SBU.  The remaining allegations of Paragraph 174 are denied.

175.   Denied.

176.   Amtrak denies that it racially discriminates in the selection of candidates for promotion to better and/or higher paying positions.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 176, and therefore denies such allegations.

177.   Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 177, and therefore denies such allegations.

178.   Denied.

**Charmin Barrow**

179.   Admitted.

180.   Denied.

181.   Amtrak admits that Michelle Lott ("Lott") is White. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 181, and therefore denies such allegations.

182.   Amtrak admits that Bill Rawlins ("Rawlins") is White. Amtrak denies that it racially discriminates in its selection of candidates for promotion to better and/or higher paying positions.  Amtrak is without sufficient knowledge or information concerning the remaining

allegations contained in Paragraph 182, and therefore denies such allegations.

183.   Amtrak admits that Rawlins is White. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 183, and therefore denies such allegations.

184.   Amtrak admits that Lott is White. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 184, and therefore denies such allegations.

185.   Amtrak admits that Lott is White.  Amtrak specifically denies that it selects candidates for training or testing opportunities on the basis of race. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 185, and therefore denies such allegations.

186.   Amtrak admits that Dave White, Suzanne Williams and Deborah Wetter are White.  Amtrak further admits that Barrow was charged with and disciplined for pass abuse violations during her tenure at Amtrak. Amtrak specifically denies that it imposes disciplinary action on the basis of race. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 186, and therefore denies such allegations.

187.   Amtrak specifically denies that it maintains or promotes or condones a racially hostile work environment. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 187, and therefore denies such allegations.

188.   Denied.

**Timothy McKissic**

189.   Admitted.

190.     Denied.

191.     Denied.

192.     Amtrak admits that John Quigley and John Miller are White.  Amtrak further admits that McKissic applied for promotion to an Engineer position out of the Charlotte, North Carolina crew base in 1999.  Amtrak admits that McKissic would have had to qualify for this promotion on his own time because, upon information and belief, Amtrak does not routinely pay for employees to undertake such qualifying activities except under extenuating circumstances that require it to do so, and therefore denies such allegations. Amtrak specifically denies that it discriminates in its selection of candidates for promotion to higher and/or better paying positions. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 192, and therefore denies such allegations.

193.     Amtrak admits that McKissic was terminated and reinstated approximately 19 months later at the conclusion of an arbitration hearing.  The remaining allegations contained in Paragraph 193 are denied.

194.     Amtrak specifically denies that it promotes or condones a racially hostile work environment.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 194, and therefore denies such allegations.

195.     Denied.

**Carlos Belgrave**

196.     Admitted.

197.     Denied.

198.     Amtrak admits that Foremen Ed Alderman, Anthony Figuenick and Bob Cochran

are White.  Amtrak further admits that Ed Jones and John Villanella ("Villanella") are also

White.  Amtrak admits that Belgrave was transferred to Amtrak's Hialeah, Florida facility.

Amtrak further admits that Belgrave applied for a Foreman position after he arrived in Florida

and that company policy requirements necessitated that he fulfill a 90 day qualifying period

before he was eligible for promotion to Foreman.  Amtrak admits that Belgrave did not complete

the required 90 day period and that he was not awarded the Foreman position sought. Amtrak

specifically denies that it discriminates in its selection of candidates for promotion to higher

and/or better paying positions. Amtrak is without sufficient knowledge or information

concerning the remaining allegations contained in Paragraph 198, and therefore denies such

allegations.

 199.    Amtrak is without sufficient knowledge or information concerning the allegations

contained in Paragraph 199, and therefore denies such allegations.

 200.    Denied.

 201.    Amtrak admits that Belgrave filed an administrative charge with the EEOC in

1999.  Amtrak denies the remaining allegations contained in Paragraph 201.

 202.    Denied.

**Audley Boland**

 203.    Admitted.

 204.    Denied.

 205.    Amtrak admits that Villanella is White. Amtrak specifically denies that it

discriminated in any way against Boland.  Amtrak is without sufficient knowledge or

information to concerning the remaining allegations contained in Paragraph 205, and therefore

denies such allegations.

206.   Denied.

**Donald Rodgers**

207.   Admitted.

208.   Amtrak admits that Rodgers filed an administrative charge with the EEOC in 1996 for which he received a right to sue letter on February 17, 1997.  The remaining allegations contained in Paragraph 208 are denied.

209.   Amtrak avers that this allegation was the subject of an expired administrative charge filed with the EEOC on August 29, 1996 for which a right to sue was issued on February 19, 1997.  Amtrak further avers that pursuant to the Memorandum Order entered by the Court in this matter on September 6, 2001, this allegation should have been removed from Plaintiffs' Third Amended Complaint and therefore no answer is required.   To the extent that a response is required, Amtrak admits the first three sentences of Paragraph 209.  Amtrak denies that Rodgers was forced to execute a waiver or that Amtrak racially discriminated against him in any way with respect to the discipline he ultimately received.  Amtrak specifically denies that it discriminates in any manner in imposing discipline upon its employees, and denies the remaining allegations in Paragraph 209.

210.   Amtrak admits that Rodgers was disciplined for being rude to passengers in 1998. The remaining allegations contained in Paragraph 210 are denied.

211.   Amtrak specifically denies that it promotes or condones a racially hostile work environment.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in the Paragraph 211, and therefore denies such allegations.

212.    Denied.

**Harold Redfern**

213.    The allegations contained in Paragraph 213 are admitted, except that Redfern is no longer employed by Amtrak.

214.    Denied.

215.    Amtrak admits that Quigley is White.  Amtrak is without sufficient knowledge or information concerning the remaining allegations in Paragraph 215, and therefore denies such allegations.

216.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 216, and therefore denies such allegations.

217.    Amtrak admits that Redfern went out on disability in February 1997.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 217, and therefore denies such allegations.

218.    Denied.

**Reachelle Francis**

219.    Admitted.

220.    Denied.

221.    Amtrak avers that this allegation was the subject of an expired administrative charge filed with the EEOC on April 20, 1998 for which a right to sue was issued on August 26, 1998.  Amtrak further avers that pursuant to the Memorandum Order entered by the Court in this matter on September 6, 2001, this allegation should have been removed from Plaintiffs' Third Amended Complaint and therefore no answer is required.   To the extent that a response is

1-WA/1393748.1

required, Amtrak admits the second, third, fifth and seventh sentences contained in Paragraph

221. Amtrak denies the allegations contained in the first, fourth, sixth, and eighth sentences of

Paragraph 221 and more specifically denies that Francis was terminated on the basis of her race.

222.     Amtrak avers that this allegation was the subject of an expired administrative

charge filed with the EEOC on April 20, 1998 for which a right to sue was issued on August 26,

1998. Amtrak further avers that pursuant to the Memorandum Order entered by the Court in this

matter on September 6, 2001, this allegation should have been removed from Plaintiffs' Third

Amended Complaint and therefore no answer is required.   To the extent that a response is

required, Amtrak admits that Francis was discharged because she did not meet the performance

requirements of her position.  Amtrak denies the remaining allegations contained in Paragraph

222 and more specifically, that it discriminates against job applicants on the basis of race.

223.     Amtrak avers that this allegation was the subject of an expired administrative

charge filed with the EEOC on April 20, 1998 for which a right to sue was issued on August 26,

1998. Amtrak further avers that pursuant to the Memorandum Order entered by the Court in this

matter on September 6, 2001, this allegation should have been removed from Plaintiffs' Third

Amended Complaint and therefore no answer is required.   To the extent that a response is

required, Amtrak denies the first sentence of Paragraph 223.  Amtrak admits the second sentence

of Paragraph 223.  Amtrak denies the remaining allegations of Paragraph 223.

224.     Denied.

**Bertha Kelly**

225.     Amtrak admits that Kelly unsuccessfully applied for a Cook position within

Amtrak's Intercity SBU in 1998.  The remaining allegations contained in Paragraph 225 are

denied.

226.    Amtrak admits that Kelly unsuccessfully applied for a Cook position within Amtrak's Intercity SBU in 1998.  Amtrak is without specific knowledge or information to concerning the allegations regarding Kelly's culinary school experience, and therefore denies such allegations.  The remaining allegations contained in Paragraph 226 are denied.

227.    Amtrak admits that the Cook position was not offered to Kelly.  Amtrak is without specific knowledge or information concerning the remaining allegations contained in Paragraph 227, and therefore denies such allegations.

228.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 228, and therefore denies such allegations.

229.    Denied.

**Mike Helton**

230.    Admitted.

231.    Denied.

232.    Amtrak admits that Bill Minnick is White. Amtrak specifically denies that it promotes or condones a racially hostile work environment.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 232, and therefore denies such allegations.

233.    Amtrak admits the first sentence of Paragraph 233.  Amtrak further admits that Alice   Ragsdale ("Ragsdale") is White, but denies that she was promoted to Product Line Agent. Amtrak admits that Ragsdale was charged with violating Amtrak's safety rules, but denies that she was not disciplined for these violations.  Amtrak is without sufficient knowledge or

information concerning whether Helton received Employee of the Month recognition in the

Commissary in May 1998, and therefore denies such allegations.  Amtrak admits that Helton was

charged with violating Amtrak's safety rules in May 1998 and that he was subsequently

disciplined for that violation.  Amtrak is without sufficient knowledge or information concerning

Helton's knowledge with respect to the safety violations of other employees, but specifically

denies that disciplinary actions are disparately apportioned on the basis of race.  The remaining

allegations of Paragraph 233 are denied.

234.    Amtrak denies that it discriminates in any way with respect to its selection

policies or procedures or in the terms of employment offered to its employees.  Amtrak is

without sufficient knowledge or information concerning the remaining allegations contained in

Paragraph 234, and therefore denies such allegations.

235.    Denied.

**William Miller**

236.    Admitted.

237.    Denied.

238.    Amtrak specifically denies maintaining or condoning a racially hostile work

environment.  Amtrak is without sufficient knowledge or information concerning the remaining

allegations contained in Paragraph 238, and therefore denies such allegations.

239.    Amtrak specifically denies that it discriminates in its selection of candidates for

promotion to better and/or higher paying jobs on the basis of race.  Amtrak is without sufficient

knowledge or information concerning the remaining allegations contained in Paragraph 239, and

therefore denies such allegations.

1-WA/1393748.1

240.    Denied.

**Daryl Latham**

241.    Amtrak admits that Latham has been employed at Amtrak since August 1983 and

that his current title is Administrative Chief.  Amtrak is without sufficient knowledge or

information concerning the remaining allegations contained in Paragraph 241, and therefore

denies such allegations.

242.    Denied.

243.    Amtrak avers that the allegations contained in Paragraph 243 were the subject of

an expired administrative charge filed with the EEOC on November 12, 1998 for which a right to

sue was issued on January 11, 1999.  Amtrak further avers that pursuant to the Memorandum

Order entered by the Court in this matter on September 6, 2001, these allegations should have

been removed from Plaintiffs' Third Amended Complaint and therefore no answer is required.

To the extent that a response is required, these allegations are denied.

244.    Amtrak avers that the allegations contained in Paragraph 244 were specifically

alleged in the McLaurin Litigation and disposed of as part of the Consent Decree and Release of

Claims entered into between the parties in the Fall of 1999.  Amtrak further avers that these

allegations were the subject of an expired administrative charge filed with the EEOC on

November 12, 1998 for which a right to sue was issued on January 11, 1999.  Amtrak further

avers that pursuant to the Memorandum Order entered by the Court in this matter on September

6, 2001, these allegations should have been removed from Plaintiffs' Third Amended Complaint

and therefore no answer is required.  To the extent that a response is required, Amtrak admits that

Latham applied for the position of Service Manager, Customer Services in 1997.  Amtrak admits

that Steve Piper (White) and Jill Kowal (White) were selected as Active Service Managers in 1997 and 1998 respectively.  Amtrak denies all other allegations of Paragraph 244.

245.    Amtrak avers that the allegations contained in Paragraph 245 was the subject of an expired administrative charge filed with the EEOC on November 12, 1998 for which a right to sue was issued on January 11, 1999.  Amtrak further avers that pursuant to the Memorandum Order entered by the Court in this matter on September 6, 2001, these allegations should have been removed from Plaintiffs' Third Amended Complaint and therefore no answer is required. To the extent that a response is required, these allegations are denied.

246.    Amtrak specifically denies that it promotes or condones a racially hostile work environment.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 246, and therefore denies such allegations.

247.    Denied.

**Lysa Ridley-Jones**

248.    Admitted.

249.    Denied.

250.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 250, and therefore denies such allegations.

251.    Amtrak admits that Tim Dicks is White. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 251, and therefore denies such allegations.

252.    Amtrak specifically denies that it discriminates in the selection of candidates for promotion to better and/or higher paying jobs based on race.  Amtrak is without sufficient

knowledge or information concerning the remaining allegations contained in Paragraph 252, and therefore denies such allegations.

253.    Amtrak admits that Bob Hasty is White. Amtrak specifically denies that it discriminates in the selection of candidates for promotion to better and/or higher paying jobs based on race. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 253, and therefore denies such allegations.

254.    Amtrak specifically denies that it discriminates in the selection of candidates for promotion to better and/or higher paying jobs based on race.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 254, and therefore denies such allegations.

255.    Amtrak specifically denies that it discriminates in the selection of candidates for promotion to better and/or higher paying jobs based on race.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 255, and therefore denies such allegations.

256.    Denied.

**Darrell Johnson**

257.    Admitted.

258.    Denied.

259.    Amtrak admits that Jeff Ashenfelter ("Ashenfelter") was promoted to Lead Station Agent  in 1999.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 259, and therefore denies such allegations.

260.    Amtrak is without sufficient knowledge or information concerning the allegations

contained in Paragraph 260, and therefore denies such allegations.

261.    Amtrak admits that Ashenfelter bid for and was awarded the Lead Station Agent position in 1999. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 261, and therefore denies such allegations.

262.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 262, and therefore denies such allegations.

263.    Amtrak admits that Jim Turner is White and that he was selected for a Safety Training Coordinator position in 1998. Amtrak is without sufficient knowledge or information to concerning the remaining allegations contained in Paragraph 263, and therefore denies such allegations.

264.    Denied.

**Kirk Marshall**

265.    Admitted.

266.    Denied.

267.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 267, and therefore denies such allegations.

268.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 268, and therefore denies such allegations.

269.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 269, and therefore denies such allegations.

270.    Denied.

**Carl Betterson**

271.   Admitted.

272.   Denied.

273.   Amtrak admits that Betterson unsuccessfully applied for a Product Line Agent position.  Amtrak denies the remaining allegations in Paragraph 273.

274.   Amtrak admits the first and second sentence of Paragraph 274.  Amtrak admits that Bob Hasty ("Hasty") is White.  Amtrak denies the remaining allegations in Paragraph 274.

275.   Amtrak admits that Betterson is a 24 year employee who has worked as Ticket Agent in several Amtrak stations located in Georgia and the Carolinas.  The remaining allegations contained in Paragraph 275 are denied.

276.   Denied.

277.   Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 277, and therefore denies such allegations.

278.   Amtrak admits that J.T. Eldridge is White and that Hasty was promoted to the Product Line Agent job for which Betterson unsuccessfully applied.  The remaining allegations contained in Paragraph 278 are denied.

279.   Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 279, and therefore denies such allegations.

280.   Amtrak admits that Betterson filed an internal complaint regarding his rejection for the Product Line Agent job.  Amtrak denies the remaining allegations in Paragraph 280.

281.   Amtrak specifically denies that it discriminates in any manner in imposing discipline upon its employees.  Amtrak is without sufficient knowledge or information to

concerning the remaining allegations contained in Paragraph 281, and therefore denies the allegations in Paragraph 281.

282.    Denied.

**Augustine Glass**

283.    Amtrak admits the first sentence of Paragraph 283.  Amtrak denies the remaining allegations of Paragraph 283.

284.    Amtrak admits that Glass was charged with a safety violation in 1999 for which he was disciplined. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 284, and therefore denies such allegations.

285.    Amtrak specifically denies that it promotes or condones a racially hostile work environment.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 285, and therefore denies such allegations.

286.    Denied.

**Plaintiff PFBMWE**

287.    The first sentence of Paragraph 287 is admitted.  The remaining allegations contained in Paragraph 287 are denied.

288.    Denied.

**Arshell Qualls**

289.    Amtrak admits that Qualls began her career with Amtrak in its Intercity SBU and is currently a Travel Clerk in the Amtrak West SBU.  The remaining allegations contained in Paragraph 289 are denied.

290.    Denied.

291.    Amtrak admits that Qualls had worked as a Reservation and Information Clerk in various Amtrak stations within its Intercity SBU.  Amtrak further admits that Qualls was disqualified from a Reservation Sales Agent position in 1993 because she had, at least twice, failed the tests required for this position.  Amtrak admits that Qualls was thereafter assigned to the Guaranteed Extra Board.  The remaining allegations contained in Paragraph 291 are denied.

292.    Amtrak denies the first sentence of Paragraph 292 and more specifically, that Qualls was employed by Amtrak in April 1966; Amtrak did not exist in 1966.  Amtrak admits that her union representative rescinded the Uniform Coordinator award.  Amtrak denies the remaining allegations in Paragraph 292.

293.    Denied.

294.    Denied.

295.    Denied.

296.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 296, and therefore denies such allegations.

297.    Denied.

**Linda Stroud**

298.    Admitted.

299.    Denied.

300.    Amtrak admits that Stroud applied for and received an engineering apprenticeship in 1991.  The remaining allegations contained in Paragraph 300 are denied.

301.    Amtrak admits that Stroud applied for an assistant conductor position in August 1996.  Amtrak further admits that Rick Sajak [sic] is White.  The remaining allegations contained

in Paragraph 301 are denied.

302.     Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 302, and therefore denies such allegations.

303.     Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 303, and therefore denies such allegations.

304.     Amtrak admits that Stroud became an Assistant Conductor trainee in October of 1998.  The remaining allegations contained in Paragraph 304 are denied.

305.     Amtrak admits that during her probationary period as an Assistant Conductor, Stroud failed to switch a line properly resulting in the collision and derailment of two locomotives in February of 1999 which resulted in a 10 day suspension.  Amtrak denies the remaining allegations contained in Paragraph 305.

306.     Amtrak admits that Stroud was removed from her Assistant Conductor position by Sajak in March 1999 after committing two subsequent and serious switching errors.  The remaining allegations contained in Paragraph 306 are denied.

307.     Amtrak admits that Stroud took medical leave in 1999.  The remaining allegations contained in Paragraph 307 are denied.

308.     Denied.

**Inez Tarver**

309.     Admitted.

310.     Denied.

311.     Amtrak admits that upon information and belief, Tarver participated in group meetings of African American employees of Amtrak in 1995 and that Amtrak West President Gil

Mallery, who is White, was invited to and did attend at least one of those meetings. Amtrak

further admits that Tarver filed an administrative charge with EEOC in 1997. Amtrak is without

sufficient knowledge or information concerning the remaining allegations contained in Paragraph

311, and therefore denies such allegations.

312. Denied.

313. Denied.

**Vernon Brown**

314. Admitted.

315. Denied.

316. Amtrak is without sufficient knowledge or information concerning the allegations

contained in Paragraph 316, and therefore denies such allegations.

317. Amtrak is without sufficient knowledge or information concerning the allegations

contained in Paragraph 317, and therefore denies such allegations.

318. Amtrak is without sufficient knowledge or information concerning the first

sentence of Paragraph 318, and therefore denies such allegations. The remaining allegations of

Paragraph 318 are denied.

319. Amtrak is without sufficient knowledge or information concerning the allegations

contained in Paragraph 319, and therefore denies such allegations.

320. Denied.

**Castro Landers**

321. Admitted.

322. Denied.

323.    Amtrak admits that Landers had returned from medical leave in September 1997. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 323, and therefore denies such allegations.

324.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 324, and therefore denies such allegations.

325.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 325, and therefore denies such allegations.

326.    Denied.

**Ed Carr**

327.    Admitted.

328.    Denied.

329.    Amtrak admits that Carr tested positive in a random drug test administered in July of 1993. Amtrak admits that Carr executed a waiver in connection therewith that required him to participate in a treatment plan recommended by Amtrak's EAP counselor.  The remaining allegations contained in Paragraph 329 are denied.

330.    Denied.

**Devern Fleming, Sr.**

331.    Amtrak admits the first sentence of Paragraph 331.  Amtrak further admits that it has a clearly written, non-discriminatory policy regarding the employment of relatives at the same facility.  Amtrak admits that upon information and belief, Devern Fleming Jr. was employed by Amtrak in 1995 at the same facility where Fleming Sr. was a part of the Supervisor's Pool.  Amtrak admits that Fleming Sr. was removed from the Supervisor's Pool.

Amtrak admits that Fleming Sr. was terminated in 1996 and reinstated in 1997. Amtrak denies the remaining allegations contained in Paragraph 331.

332.   Denied.

333.   The first sentence of Paragraph 333 is admitted. The second sentence of Paragraph 333 is denied. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 333, and therefore denies such allegations.

334.   Amtrak admits that Fleming Sr. was accused and found guilty of violating Amtrak's Standards of Excellence with respect to his harassment of a female employee. Amtrak admits that Fleming was terminated at the conclusion of a disciplinary proceeding and reinstated at the conclusion of his appeal. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 334, and therefore denies such allegations.

335.   Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 335, and therefore denies such allegations.

336.   Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 336.

337.   Amtrak specifically denies that it permits or promotes or condones a racially hostile work environment. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 337, and therefore denies such allegations.

338.   Denied.

**David Tucker**

339.   Admitted.

340.    Denied.

341.    Amtrak admits that Tucker applied unsuccessfully for a Rate Clerk position and that he did not pass the qualifying test.  Amtrak specifically denies that it discriminates in its selection of candidates for promotion to better and/or higher paying jobs on the basis of race.  Amtrak is without sufficient knowledge or information concerning the remaining allegations in Paragraph 341, and therefore denies such allegations.

342.    Amtrak specifically denies that it discriminates in its selection of candidates for promotion to better and/or higher paying jobs on the basis of race.  Amtrak is without sufficient knowledge or information concerning the remaining allegations in Paragraph 342, and therefore denies such allegations.

343.    Amtrak admits that Tucker was charged in 1997 with violating Amtrak's Standards of Excellence policy with respect to absenteeism.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 343, and therefore denies such allegations.

344.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 344, and therefore denies such allegations.

345.    Amtrak specifically denies that it discriminates in its selection of candidates for promotion to better and/or higher paying jobs on the basis of race.  Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 345, and therefore denies such allegations.

346.    Amtrak specifically denies that it permits or promotes or condones a racially hostile work environment.  Amtrak is without sufficient knowledge or information concerning

the remaining allegations in Paragraph 346, and therefore denies such allegations.

347.   Denied.

**Cyril Hunte**

348.   Admitted.

349.   Denied.

350.   Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 350, and therefore denies such allegations.

351.   Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 351, and therefore denies such allegations.

352.   Amtrak admits that Hunte filed an internal complaint alleging discriminatory treatment with Amtrak's Business Diversity Department in 1999.  Amtrak denies the remaining allegations contained in Paragraph 352.

353.   Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 353, and therefore denies such allegations.

354.   Denied.

**Bryant Cox**

355.   Admitted.

356.   Amtrak admits the first sentence of Paragraph 356.  Amtrak is without sufficient knowledge or information concerning the remaining allegations of Paragraph 356 , and therefore denies such allegations.

357.   Denied.

358.   Amtrak admits that Norm Nicholson is White.  Amtrak is without sufficient

knowledge or information concerning the remaining allegations of Paragraph 358, and therefore denies such allegations.

359.    Amtrak is without sufficient knowledge or information concerning the allegations of Paragraph 359, and therefore denies such allegations.

360.    Amtrak is without sufficient knowledge or information concerning the allegations of Paragraph 360, and therefore denies such allegations.

361.    Amtrak is without sufficient knowledge or information concerning the allegations of Paragraph 361, and therefore denies such allegations.

362.    Amtrak admits that commuting costs are reimbursed to employees who commute on Metrolink upon submission by the employee of the requisite receipts for reimbursement.  The remaining allegations contained in Paragraph 362 are denied.

363.    Denied.

**James Silas**

364.    Admitted.

365.    Denied.

366.    Amtrak specifically denies that it discriminates in the selection of candidates for promotion to better and/or higher paying jobs on the basis of race.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 366, and therefore denies such allegations.

367.    Amtrak specifically denies that it discriminates in the selection of candidates for promotion to better and/or higher paying jobs on the basis of race.  Amtrak is without sufficient knowledge or information concerning the remaining allegations of Paragraph 367, and therefore

denies such allegations.

368.    Amtrak is without sufficient knowledge or information concerning the allegations of Paragraph 368, and therefore denies such allegations.

369.    Denied.

**Kelvin Benton**

370.    Admitted.

371.    Denied.

372.    Amtrak specifically denies that it discriminates in the selection of candidates for promotion to better and/or higher paying jobs on the basis of race.  Amtrak is without sufficient knowledge or information concerning the remaining allegations of Paragraph 372, and therefore denies such allegations.

373.    Amtrak is without sufficient knowledge or information concerning the allegations of Paragraph 373, and therefore denies such allegations.

374.    Amtrak is without sufficient knowledge or information concerning the allegations of Paragraph 374, and therefore denies such allegations..

375.    Denied.

**Donald Shephard**

376.    Amtrak admits that Shephard is employed as a Carman and Mechanic within its Amtrak West SBU in Los Angeles.  Amtrak denies the remaining allegations in Paragraph 376.

377.    Denied.

378.    Amtrak specifically denies that it discriminates in the selection of candidates for promotion to better and/or higher paying jobs on the basis of race. Amtrak is without sufficient

knowledge or information concerning the remaining allegations contained in Paragraph 378, and therefore denies such allegations.

379.    Amtrak specifically denies that it discriminates in the selection of candidates for promotion to better and/or higher paying jobs on the basis of race.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 379, and therefore denies such allegations.

380.    Denied.

381.    Denied.

**Alvin Randolph**

382.    Admitted.

383.    Denied.

384.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 384, and therefore denies such allegations.

385.    Amtrak admits that Randolph was awarded a Conductor position in Fort Worth, Texas.  Amtrak further admits that the award was challenged by his union, the position re-posted and awarded to Randolph again. The remaining allegations contained in Paragraph 385 are denied.

386.    Denied.

**Albert Miller**

387.    Admitted.

388.    Denied.

389.    Amtrak specifically denies that it promotes or condones a racially hostile work

environment.  Amtrak is without sufficient knowledge or information concerning the remaining

allegations contained in Paragraph 389, and therefore denies such allegations.

390.    Denied.

**Faye Williams**

391.    Amtrak admits that Williams is currently employed as a Ticket Clerk within its

Amtrak West SBU in Los Angeles.  Amtrak denies the remaining allegations in Paragraph 391.

392.    Denied.

393.    Amtrak is without sufficient knowledge or information concerning the allegations

contained in Paragraph 393, and therefore denies such allegations.

394.    Amtrak admits that Williams unsuccessfully applied for participation in Amtrak's

Employee Development Program.  Amtrak is without sufficient knowledge or information

concerning the race(s) of the candidates selected, and therefore denies the allegations relating to

such information.  The remaining allegations contained in Paragraph 394 are denied.

395.    Amtrak is without sufficient knowledge or information concerning to the

allegations contained in Paragraph 395, and therefore denies such allegations.

396.    Denied.

397.    Amtrak is without sufficient knowledge or information concerning the allegations

contained in Paragraph 397, and therefore denies such allegations.

398.    Denied.

**Moyse Howard**

399.    Admitted.

400.    Denied.

401.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 401, and therefore denies such allegations.

402.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 402, and therefore denies such allegations.

403.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 403, and therefore denies such allegations.

404.    Amtrak denies the first sentence in Paragraph 404.  Amtrak admits that Howard applied for an On Board Services Chief position in 1996 and that upon information and belief, he was bumped. Amtrak denies the remaining allegations contained in Paragraph 404.

405.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 405, and therefore denies such allegations.

406.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 406, and therefore denies such allegations.

407.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 407, and therefore denies such allegations.

408.    Amtrak admits that Howard eventually obtained a Crew Base Supervisor position.  Amtrak denies the remaining allegations contained in Paragraph 408.

409.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 409, and therefore denies such allegations.

410.    Denied.

**Twilva Simpson**

411.    Admitted.

412.    Denied.

413.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 413, and therefore denies such allegations.

414.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 414, and therefore denies such allegations.

415.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 415, and therefore denies such allegations.

416.    Amtrak specifically denies that it promotes or condones a racially hostile work environment.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 416, and therefore denies such allegations.

417.    Denied.

**Timeka Collier**

418.    Amtrak admits that Collier was employed in Oakland, California as a Service Attendant and thereafter, as a Commissary worker until she was terminated on October 10, 1997.  Amtrak denies that Collier was employed by Amtrak since June 1993.

419.    Denied.

420.    Amtrak denies the first sentence of Paragraph 420.  Amtrak specifically denies that it promotes or condones a racially hostile work environment.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph    420, and therefore denies such allegations.

421.    Amtrak admits that Collier was terminated in 1997.  Amtrak denies the remaining allegations contained in Paragraph 421.

422.    Denied.

**Raymond Burditt**

423.    Admitted.

424.    Denied.

425.    Amtrak admits that Burditt unsuccessfully applied for an Instructor position in 1998.  Amtrak admits that the candidate selected for the position was White.  Amtrak denies the remaining allegations contained in Paragraph 425.

426.    Amtrak admits that Burditt has participated in several training courses offered by Amtrak including, but not limited to, an anger management course and an interview skills course in 1999. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in the first sentence of Paragraph 426, and therefore denies such allegations.

427.    Amtrak denies the first sentence of Paragraph 427.  Amtrak specifically denies that it promotes or condones a racially hostile work environment.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 427, and therefore denies such allegations.

428.    Denied.

**Kimberli Hornes**

429.    Admitted.

430.    Denied.

431.    Amtrak denies the allegations contained in the first sentence of Paragraph 431. Amtrak is without sufficient knowledge or information concerning the second and third

sentences of Paragraph 431, and therefore denies such allegations.  Amtrak admits that Hornes was terminated, but denies the remaining allegations contained in the fourth sentence of Paragraph 431.

432.    Amtrak admits that Hornes filed an administrative charge with the EEOC on July 13, 1998.  Amtrak denies the remaining allegations in Paragraph 432.

433.    Denied.

**Wanda Johnson**

434.    Amtrak admits that W. Johnson is employed as a  Coach Cleaner within its Amtrak West SBU.  Amtrak denies the remaining allegations contained in Paragraph 434.

435.    Denied.

436.    Denied.

437.    Denied.

**Daisy Moore**

438.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 438, and therefore denies such allegations.

439.    Denied.

440.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 440, and therefore denies such allegations.

441.    Denied.

**Ted Bailey**

442.    Admitted.

443.    Denied.

444.     Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 444, and therefore denies such allegations.

445.     Amtrak denies the allegations contained in Paragraph 445.

446.     Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 446, and therefore denies such allegations.

447.     Amtrak specifically denies that it discriminates in its selection of candidates for promotion to better and/or higher paying jobs on the basis of race. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 447, and therefore denies such allegations.

448.     Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 448, and therefore denies such allegations.

449.     Amtrak denies the allegations contained in the first sentence of Paragraph 449. Amtrak admits that electricians may be required to move heavy cables in the ordinary performance of the scope of their work from time to time.  Amtrak denies the remaining allegations in Paragraph 449.

450.     Denied.

451.     Denied.

**Clyde Briscoe**

452.     Amtrak admits that Briscoe was employed as an Electrician in Amtrak's Northeast Corridor SBU from May 1992 until he resigned in 1999.  Amtrak denies that Briscoe was constructively discharged.

453.     Denied.

1-WA/1393748.1

47

454.    Amtrak denies the allegations contained in Paragraph 454.

455.    Amtrak specifically denies that it discriminates in its selection of candidates for promotion to better and/or higher paying jobs on the basis of race. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 455, and therefore denies such allegations.

456.    Amtrak denies the first sentence contained in Paragraph 456. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 456, and therefore denies such allegations..

457.    Amtrak specifically denies that work shifts are scheduled or determined on the basis of race. Amtrak is without sufficient knowledge or information concerning the racial composition of electricians who work the first and/or second shift, and therefore denies these and the remaining allegations of Paragraph 457.

458.    Denied.

459.    Amtrak admits that Briscoe reported that his tool box was missing in April of 1997. Amtrak further admits that Briscoe complained to Amtrak police, management and EEOC staff, who investigated his complaint and met with him and his union representative to discuss the results of their investigations. Amtrak denies the remaining allegations contained in Paragraph 459.

460.    Amtrak admits that Briscoe was treated for stress in 1997 and 1999. Amtrak denies the remaining allegations contained in Paragraph 460.

461.    Denied.

**Michael Steward**

462.     Amtrak admits that Steward was originally hired by Amtrak as a Service Attendant out of Washington, D.C. and thereafter promoted him to Assistant Conductor.  The remaining allegations contained Paragraph 462 are denied.

463.     Denied.

464.     Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 464, and therefore denies such allegations.

465.     Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 465, and therefore denies such allegations.

466.     Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 466, and therefore denies such allegations.

467.     Amtrak admits the first two sentences of Paragraph 467.  Amtrak denies the remaining allegations contained in Paragraph 467.

468.     Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 468, and therefore denies such allegations.

469.     Denied.

**Barry L. Price**

470.     Amtrak admits that Price was originally hired in November of 1986 as a Laborer and subsequently promoted in May 1989. Amtrak denies the remaining allegations contained in Paragraph 470.

471.     Denied.

472.     Amtrak is without sufficient knowledge or information concerning the allegations

contained in Paragraph 472, and therefore denies such allegations.

473.   Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 473, and therefore denies such allegations.

474.   Amtrak admits that it has a clearly written, non-discriminatory policy regarding the employment of relatives at the same facility.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 474, and therefore denies such allegations.

475.   Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 475, and therefore denies such allegations.

476.   Denied.

**Wilson Hutchinson**

477.   Admitted.

478.   Denied.

479.   Amtrak denies that Hutchinson was denied the training opportunities he requested.  The remaining allegations contained in Paragraph 479 are denied.

480.   Amtrak specifically denies that it promotes or condones are racially hostile work environment.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 480, and therefore denies such allegations.

481.   Amtrak admits receiving a complaint from Hutchinson regarding racially offensive remarks and investigating that complaint.  Amtrak denies the remaining allegations contained in Paragraph 481.

482.   Amtrak is without sufficient knowledge or information concerning the allegations

contained in Paragraph 482, and therefore denies such allegations.

483.   Denied.

**Gavin Clarke**

484.   Admitted.

485.   Denied.

486.   Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 486, and therefore denies such allegations.

487.   Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 487, and therefore denies such allegations.

488.   Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 488, and therefore denies such allegations.

489.   Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 489, and therefore denies such allegations.

490.   Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 490, and therefore denies such allegations.

491.   Amtrak admits that Clarke was charged with tardiness violations on several occasions.  Amtrak denies that it promotes or condones a racially hostile work environment or that it discriminates in any manner in imposing discipline upon its employees. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 491, and therefore denies such allegations.

492.   Denied.

**Quinton Saunders**

493.   Amtrak avers that this Plaintiff was terminated on December 1, 1995, months before the court-set bar date for Title VII and § 1981 claims.  Amtrak avers that pursuant to the Memorandum Order entered by the Court in this matter on September 6, 2001, these allegations should have been removed from Plaintiffs' Third Amended Complaint and therefore no answer is required.   To the extent that a response is required, Amtrak admits that Q. Saunders was employed in various positions within its Northeast Corridor SBU from 1979 until he was terminated in 1995.  Amtrak denies the remaining allegations contained in Paragraph 493.

494.   Amtrak avers that this Plaintiff was terminated on December 1, 1995, months before the court-set bar date for Title VII and § 1981 claims.  Amtrak avers that pursuant to the Memorandum Order entered by the Court in this matter on September 6, 2001, these allegations should have been removed from Plaintiffs' Third Amended Complaint and therefore no answer is required.   To the extent that a response is required, Amtrak denies the allegations contained in Paragraph 494.

495.   Amtrak avers that these allegations were the subject of an expired administrative charge filed with the EEOC on or about August 22, 1989 for which a right to sue was issued on November 14, 1990.  Amtrak further avers that this Plaintiff was terminated on December 1, 1995, months before the court-set bar date for Title VII and § 1981 claims.  Amtrak avers that pursuant to the Memorandum Order entered by the Court in this matter on September 6, 2001, these allegation should have been removed from Plaintiffs' Third Amended Complaint and therefore no answer is required.   To the extent that a response is required, Amtrak admits that Q. Saunders unsuccessfully applied for a Material Control Supervisor position in 1988.  Amtrak

admits that the candidate selected for the position was White.  Amtrak denies that Q. Saunders

was more qualified than the candidate selected.  Amtrak is without sufficient knowledge or

information concerning the remaining allegations contained in Paragraph 495, and therefore

denies such allegations.

496.    Amtrak avers that this allegation and/or portions thereof were the subject of an

expired administrative charge filed with the EEOC on or about August 22, 1989 for which a right

to sue was issued on November 14, 1990.  Amtrak further avers that this Plaintiff was terminated

on December 1, 1995, months before the court-set bar date for Title VII and § 1981 claims.

Amtrak avers that pursuant to the Memorandum Order entered by the Court in this matter on

September 6, 2001, these allegations should have been removed from Plaintiffs' Third Amended

Complaint and therefore no answer is required.   To the extent that a response is required,

Amtrak admits that Q. Saunders filed an internal complaint of discrimination.  Amtrak further

admits that Q. Saunders was removed from his Safety Coordinator position in 1995.  Amtrak

denies that his removal was the product of retaliation.  Amtrak admits that Q. Saunders was

terminated on December 1, 1995.  Amtrak denies the remaining allegations in Paragraph 496.

497.    Amtrak avers that this Plaintiff was terminated on December 1, 1995, months

before the court-set bar date for Title VII and § 1981 claims.  Amtrak avers that pursuant to the

Memorandum Order entered by the Court in this matter on September 6, 2001, these allegations

should have been removed from Plaintiffs' Third Amended Complaint and therefore no answer is

required.   To the extent that a response is required, Amtrak admits that Q. Saunders was

terminated for stealing on December 1, 1995 after being found guilty by an Amtrak Hearing

Officer.  Amtrak denies the remaining allegations contained in Paragraph 497.

1-WA/1393748.1                                                   53

498.   Amtrak avers that this Plaintiff was terminated on December 1, 1995, months before the court-set bar date for Title VII and § 1981 claims.  Amtrak avers that pursuant to the Memorandum Order entered by the Court in this matter on September 6, 2001, these allegations should have been removed from Plaintiffs' Third Amended Complaint and therefore no answer is required.   To the extent that a response is required, Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 498 as to Randy Irwin, and therefore denies such allegations.  Amtrak denies the remaining allegations contained in Paragraph 498.

499.   Amtrak avers that this Plaintiff was terminated on December 1, 1995, months before the court-set bar date for Title VII and § 1981 claims.  Amtrak avers that pursuant to the Memorandum Order entered by the Court in this matter on September 6, 2001, these allegations should have been removed from Plaintiffs' Third Amended Complaint and therefore no answer is required.   To the extent that a response is required, Amtrak denies the allegations contained in Paragraph 499.

**Takeela Saunders**

500.   Admitted.

501.   Denied.

502.   Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 502, and therefore denies such allegations.

503.   Amtrak admits that Q. Saunders filed an administrative charge with the EEOC in 1989.  Amtrak denies the remaining allegations contained in Paragraph 503.

504.   Amtrak admits that T. Saunders has been counseled on performance matters.

Amtrak denies the remaining allegations contained in Paragraph 504.

505.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 505, and therefore denies such allegations.

506.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 506, and therefore denies such allegations.

507.    Denied.

**Brian Watkins**

508.    Admitted.

509.    Denied.

510.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 510, and therefore denies such allegations.

511.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 511, and therefore denies such allegations.

512.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 512, and therefore denies such allegations.

513.    Amtrak denies the first sentence of Paragraph 513.  Amtrak specifically denies that it discriminates in any manner in imposing discipline upon its employees.  Amtrak admits that in 1996, Watkins was asked to give away perishable food stock to passengers on a train that was experiencing service problems.  Amtrak denies that Watkins was required to pay for that food.  Amtrak admits that Watkins was charged and disciplined in 1996 for misappropriation of non-food stock.  Amtrak admits that Watkins executed a waiver regarding this charge.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in

Paragraph 513, and therefore denies such allegations.

**John McCargo**

514.    Admitted.

515.    Denied.

516.    Amtrak avers that the allegations contained in Paragraph 516 were specifically alleged in the McLaurin Litigation and disposed of as part of the Consent Decree and Release of Claims entered into between the parties in the Fall of 1999. Amtrak further avers that these allegations were the subject of an expired administrative charge filed with the EEOC on January 8, 1999 for which a right to sue was issued on January 14, 1999. Amtrak further avers that pursuant to the Memorandum Order entered by the Court in this matter on September 6, 2001, these allegations should have been removed from Plaintiffs' Third Amended Complaint and therefore no answer is required.   To the extent that a response is required, Amtrak is without sufficient knowledge or information concerning the allegations contained in the first, second and third sentences of Paragraph 516, and therefore denies such allegations. Amtrak avers that it has a clearly written policy        regarding the conduct expected of its employees. Amtrak is without sufficient knowledge or information concerning the total number of sandwiches McCargo took, but admits that McCargo was charged with taking six. Amtrak denies the remaining allegations contained in Paragraph 516.

517.    Amtrak avers that the allegations contained in Paragraph 517 were specifically alleged in the McLaurin Litigation and disposed of as part of the Consent Decree and Release of Claims entered into between the parties in the Fall of 1999. Amtrak further avers that these allegations were the subject of an expired administrative charge filed with the EEOC on January

8, 1999 for which a right to sue was issued on January 14, 1999.  Amtrak further avers that

pursuant to the Memorandum Order entered by the Court in this matter on September 6, 2001,

this allegation should have been removed from Plaintiffs' Third Amended Complaint and

therefore no answer is required.   To the extent that a response is required, Amtrak admits that

McCargo was charged with a violation of Amtrak's Rules of Conduct for the theft of sandwiches.

Amtrak admits that McCargo was disciplined.  Amtrak denies the remaining allegations

contained in Paragraph 517.

518.     Amtrak avers that the allegations contained in Paragraph 518 were specifically

alleged in the McLaurin Litigation and disposed of as part of the Consent Decree and Release of

Claims entered into between the parties in the Fall of 1999.  Amtrak further avers that these

allegations were the subject of an expired administrative charge filed with the EEOC on January

8, 1999 for which a right to sue was issued on January 14, 1999.  Amtrak further avers that

pursuant to the Memorandum Order entered by the Court in this matter on September 6, 2001,

this allegation should have been removed from Plaintiffs' Third Amended Complaint and

therefore no answer is required.   To the extent that a response is required, the allegations

contained in Paragraph 518 are denied.

519.     Denied.

**Carmen Wilson**

520.     Admitted.

521.     Denied.

522.     Denied.

523.     Amtrak is without sufficient knowledge or information concerning the allegations

contained in Paragraph 523, and therefore denies such allegations.

524.    The first sentence of Paragraph 524 is denied.  Amtrak admits that Wilson

presented Amtrak with a doctor's note in 1999, but denies that it was in September and that this

note was sufficient to explain her inability to work her usual shifts.  Amtrak admits that Wilson

complained of being harassed by her supervisor, Jeanne Hornyak, who is White.  Amtrak admits

that Wilson complained of discussing her personal health issues with supervisor Schmidt (White)

over a speaker phone.  Amtrak denies the remaining allegations contained in Paragraph 524.

525.    Denied.

**Wayne Bailey**

526.    Amtrak admits that W. Bailey first began work for Amtrak in 1986 within its

Northeast Corridor SBU.  Amtrak denies the remaining allegations in Paragraph 526.

527.    Denied.

528.    Amtrak admits that W. Bailey's job as a Network Controller was abolished in

1994.  Amtrak admits that W. Bailey was rehired by Amtrak as a Signalman's Helper in 1997.

Amtrak is without sufficient knowledge or information concerning the remaining allegations

contained in Paragraph 528, and therefore denies such allegations.

529.    Amtrak denies that it selects candidates for promotion to better and/or higher

paying jobs on the basis of race. Amtrak is without sufficient knowledge or information

concerning the remaining allegations contained in Paragraph 529.

530.    Amtrak specifically denies that it selects candidates for training opportunities on

the basis of race.  Amtrak is without sufficient knowledge or information concerning the

remaining allegations contained in Paragraph 530, and therefore denies such allegations.

531.    Amtrak specifically denies that it condones a racially hostile work environment. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 531, and therefore denies such allegations.

532.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 532, and therefore denies such allegations.

533.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 533, and therefore denies such allegations.

534.    Denied.

**Joseph Pearson**

535.    Admitted.

536.    Denied.

537.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 537, and therefore denies such allegations.

538.    Amtrak admits that Pearson was cited for a safety violation in April 1998. Amtrak denies the remaining allegations contained in Paragraph 538.

539.    Denied.

**Mary Mitchell**

540.    Admitted.

541.    Denied.

542.    Amtrak specifically denies that it selects candidates for promotion to better and/or higher paying jobs on the basis of race.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 542, and therefore denies such

allegations.

543.   Denied.

**Steven Johnson**

544.   Admitted.

545.   Denied.

546.   Amtrak denies that it selects candidates for promotion to better and/or higher paying jobs on the basis of race.  Amtrak is without sufficient knowledge or information to concerning the remaining allegations contained in Paragraph 546, and therefore denies such allegations.

547.   Amtrak denies that it authorizes employee transfer requests on the basis of race. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 547, and therefore denies such allegations.

548.   Amtrak admits that S. Johnson was terminated in 1997 as a result of charges that included the discrimination of a male co-worker on the basis of his sexual orientation; that S. Johnson was reinstated in 1998; and that he was terminated again in 1999 as a result of a sexual harassment charge.  Amtrak denies the remaining allegations in Paragraph 548.

549.   Amtrak specifically denies that it condones a racially hostile work environment. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 549, and therefore denies such allegations.

550.   Denied.

**Minnie Baker**

551.   Amtrak admits the allegations contained in Paragraph 551, except that Amtrak

denies that Baker was terminated in April 1998.

552.    Denied.

553.    Amtrak admits that Baker purported to injure her toe.  Amtrak denies the remaining allegations contained in Paragraph 553.

554.    Amtrak admits that Baker did not report her injury to management personnel at the time it occurred.  Amtrak avers that it has a clearly written policy that requires employees to report all injuries incurred on the job.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 554, and therefore denies such allegations..

555.    Amtrak admits that Baker eventually informed Amtrak of her injury and submitted an accident report.  Amtrak admits that Baker was charged with falsification, a rules violation, and terminated at the conclusion of her disciplinary hearing.  Amtrak denies the remaining allegations contained in Paragraph 555.

556.    Amtrak denies that it condones a racially hostile work environment.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 556, and therefore denies such allegations.

557.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 557 regarding Baker's bid on a baggage job in Florida, and therefore denies such allegations.  Amtrak denies the remaining allegations in Paragraph 557.

558.    Denied.

**Robert Guerra**

559.    Amtrak admits the allegations contained in Paragraph 559 except it denies that

Guerra was continuously employed by Amtrak throughout this period.

560.   Denied.

561.   Amtrak specifically denies that it discriminates in the selection of candidates for promotion to better and/or higher paying jobs on the basis of race.  Amtrak is without sufficient knowledge or information concerning the allegations contained in the first sentence of Paragraph 561, and therefore denies such allegations.  Amtrak denies the remaining allegations of Paragraph 561.

562.   Amtrak admits that Guerra has requested drug interdiction, CPR and firearms training courses.  Amtrak avers that Guerra was provided with the training he requested.  Amtrak denies the remaining allegations contained in Paragraph 562.

563.   Amtrak admits that Guerra's routine patrols include the men's restroom at Penn Station.  Amtrak denies the remaining allegations contained in Paragraph 563.

564.   Denied.

**Bonita Stephney**

565.   Admitted.

566.   Denied.

567.   Amtrak admits that Stephney unsuccessfully applied for several positions and transfer requests.  Amtrak denies that Stephney was rejected for these positions on the basis of race.  Amtrak further admits that it has a clearly written, non-discriminatory policy regarding the employment of relatives.  Amtrak avers that upon information and belief, Stephney's relative(s) also worked at the Southampton Yard.  Amtrak denies the remaining allegations in Paragraph 567.

568.    Amtrak denies that it selects candidates for training opportunities on the basis of race. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in the first and second sentence of Paragraph 568, and therefore denies such allegations.

569.    Amtrak specifically denies that it condones a racially hostile work environment. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 569, and therefore denies such allegations.

570.    Amtrak admits that Stephney was called upon to testify in a court of law regarding an incident that occurred at the Southampton facility. Amtrak admits that Stephney unsuccessfully applied for positions and transfer requests.  Amtrak denies that she was rejected for these positions on the basis of her race. Amtrak specifically denies that it selects candidates for promotion and/or training opportunities on the basis of race.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 570, and therefore denies such allegations

571.    Denied.

**Terence Whitesides**

572.    Admitted.

573.    Denied.

574.    Amtrak admits the first sentence of Paragraph 574.  Amtrak is without sufficient knowledge or information concerning the second sentence contained in Paragraph 574, and therefore denies such allegations.  The remaining allegations contained in Paragraph 574 are denied.

575.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 575, and therefore denies such allegations.

576.    Denied.

577.    Denied.

**Sonia Hodge**

578.    Admitted.

579.    Denied.

580.    Amtrak denies the first sentence of Paragraph 580.  Amtrak admits that Hodge was employed as a Coach Cleaner.  Amtrak is without sufficient knowledge or information to concerning the remaining allegations contained in Paragraph 580, and therefore denies such allegations.

581.     Amtrak admits that Hodge unsuccessfully applied for an Assistant Conductor position in 1998.  Amtrak is without sufficient knowledge or information concerning the second sentence of Paragraph 581, and therefore denies such allegations.  Amtrak denies the remaining allegations in Paragraph 581.

582.    Amtrak admits that Hodge unsuccessfully applied for an Electrician position in 1998.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 582, and therefore denies such allegations.

583.    Amtrak denies that Hodge was rejected for an electrician's job on the basis of her race.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 583, and therefore denies such allegations.

584.    Denied.

**Cassandra Cato-Louis**

585.    Admitted.

586.    Denied.

587.    Amtrak admits that Cato-Louis successfully applied for a Foreman position. Amtrak denies the remaining allegations contained in Paragraph 587.

588.    Amtrak admits that Cato-Louis unsuccessfully applied for a Foreman II position. Amtrak denies that Cato-Louis was qualified for an Assistant Director of Engineering position. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 588, and therefore denies such allegations.

589.    Amtrak admits that Cato-Louis unsuccessfully applied for an Electrician Technician position.  Amtrak denies that she did so in 1998 or 1999.  Amtrak denies that these jobs were not generally posted or that testing opportunities were withheld.  Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 589, and therefore denies such allegations.

590.    Denied.

**Miriam Morgan**

591.    Amtrak denies that Morgan's promotion to Foreman I was in August of 1989. Amtrak admits the remaining allegations contained in Paragraph 591.

592.    Denied.

593.    Amtrak avers that the allegations contained in Paragraph 593 were specifically alleged in the McLaurin Litigation and disposed of as part of the Consent Decree and Release of Claims entered into between the parties in the Fall of 1999. Amtrak further avers that pursuant to

the Memorandum Order entered by the Court in this matter on September 6, 2001, these

allegations should have been removed from Plaintiffs' Third Amended Complaint and therefore

no answer is required.   To the extent that a response is required, Amtrak denies the first sentence

of Paragraph 593.  Amtrak admits that Morgan unsuccessfully applied for a Customer Service

Supervisor position in 1997.  Amtrak denies that the Customer Service Supervisor position is

non-management position.   Amtrak admits that Morgan had been employed by Amtrak for 11

years at the time of her application.  Amtrak denies that Morgan was qualified for the position.

Amtrak admits that a White candidate was selected for the position. Amtrak denies that Morgan

applied for the Customer Service Relief Supervisor position posted in 1998. Amtrak admits that

Sondra Pee was selected for the position. Amtrak avers that a comparison of Ms. Pee's

qualifications to Morgan's for this position is irrelevant since Morgan did not apply.  Amtrak is

without sufficient knowledge or information concerning Ms. Pee's race, and therefore denies the

allegation.

594.    Amtrak avers that the allegations contained in Paragraph 594 were specifically

alleged in the McLaurin Litigation and disposed of as part of the Consent Decree and Release of

Claims entered into between the parties in the Fall of 1999. Amtrak further avers that pursuant to

the Memorandum Order entered by the Court in this matter on September 6, 2001, these

allegations should have been removed from Plaintiffs' Third Amended Complaint and therefore

no answer is required.   To the extent that a response is required, Amtrak denies the first and

second sentence of Paragraph 594.  Amtrak admits that Morgan had taken several training

courses while employed at Amtrak, but is without sufficient knowledge or information

concerning whether or not Morgan attended Morgan State University and therefore denies such

66

allegation.  Amtrak admits that Sondra Pee was employed as a Coach Cleaner.  Amtrak admits

that that Sondra Pee was selected for the Customer Service Relief Supervisor position.  Amtrak

denies that the Customer Service Relief Supervisor position is a non-management position.

Amtrak denies that Morgan applied for the Customer Service Relief Supervisor position posted

in 1998. Amtrak avers that a comparison of Ms. Pee's qualifications to Morgan's for this position

is irrelevant since Morgan did not apply.  Amtrak denies the remaining allegations contained in

Paragraph 594.

**Karl Thomson**

595.     Amtrak admits that Thomson unsuccessfully applied for employment with

Amtrak at its Boston location within its Northeast Corridor SBU.  Amtrak is without sufficient

knowledge or information concerning when Mr. Thomson allegedly applied for employment

with Amtrak and therefore denies such allegation.

596.     Denied.

597.     Amtrak admits that Thomson unsuccessfully applied for an Assistant Conductor

position with Amtrak in 1997.  Amtrak is without sufficient knowledge or information

concerning the remaining allegations contained in Paragraph 597, and therefore denies such

allegations.

598.     Amtrak admits that Thomson was referred to Leroy Fergus.  Amtrak is without

sufficient knowledge or information concerning the remaining allegations contained in Paragraph

598, and therefore denies such allegations.

599.     Amtrak denies that it processes or considers job applications of prospective

employees on the basis of race.  Amtrak is without sufficient knowledge or information

concerning the remaining allegations contained in Paragraph 599, and therefore denies such allegations.

    600.   Denied.

## Clinton Daniels

    601.   Amtrak admits that Daniels has unsuccessfully applied for a position at Amtrak. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 601, and therefore denies such allegations.

    602.   Denied.

    603.   Amtrak admits that Daniels unsuccessfully applied for an Assistant Conductor position. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 603, and therefore denies such allegations.

    604.   Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 604, and therefore denies such allegations.

    605.   Amtrak specifically denies that it selects candidates for Assistant Conductor positions on the basis of race. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained in Paragraph 605, and therefore denies such allegations.

    606.   Amtrak admits that Daniels has expressed his ambition to become an Amtrak conductor and that he has applied for an Assistant Conductor position. Amtrak admits that Daniels has corresponded with some of its employees regarding his interest in employment. Amtrak admits that Daniels had circulated a petition among several Amtrak employees in connection with his desire to be employed by Amtrak. Amtrak admits that Daniels was not employed by Amtrak. Amtrak denies the remaining allegations in Paragraph 606.

607.    Denied.

**Victor Kipping**

608.    Amtrak avers that it has no record of that Kipping ever having applied for a position at Amtrak, therefore Amtrak denies the allegation in Paragraph 608.

609.    Denied.

610.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 610, and therefore denies such allegations.

611.    Amtrak is without sufficient knowledge or information concerning the allegations contained in Paragraph 611, and therefore denies such allegations.

612.    Amtrak denies that it selects candidates for employment on the basis of race. Amtrak is without sufficient knowledge or information concerning the remaining allegations contained Paragraph 612, and therefore denies such allegations.

613.    Denied.

**PLAINTIFFS' CLAIMS**

A.      **The Civil Rights Act of 1866, 42 U.S.C. § 1981.**

614.    Amtrak restates and realleges its responses to Paragraphs 1 – 6 and 82 - 123 in response to Paragraph 614.

615.    Denied.

616.    Denied.

617.    Denied.

618.    Denied.

**B.**   **Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. C. § 2000e**

619.   Amtrak restates and realleges its responses to Paragraphs 1 – 6 and 82 – 123 in response to Paragraph 619.

620.   Denied.

621.   Denied.

622.   Denied.

623.   Denied.

Amtrak denies each and every allegation that it has not specifically and explicitly admitted.

Amtrak denies each and every allegation and element of Plaintiffs' Prayer for Relief.

**AFFIRMATIVE DEFENSES**

1.   The Third Amended Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

2.   Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

3.   Some or all of Plaintiffs' claims under Title VII of the Civil Rights Act of 1964 must be dismissed to the extent that they were not the subject of a timely filed charge with the EEOC.

4.   Some or all of the Plaintiffs' claims are beyond the scope of their administrative complaints.

5.   Some or all of Plaintiffs' claims must be dismissed for failure to exhaust statutory, administrative or contractual remedies.

6.      Some or all of Plaintiffs' claims are barred by the doctrines of laches or waiver.

7.      Some or all of the Plaintiffs' claims are barred by the doctrines of res judicata or collateral estoppel.

8.      Some or all of the Plaintiffs lack standing to assert claims on behalf of themselves as individuals or on behalf of any purported class.

9.      Plaintiffs are not qualified to serve as class representatives.

10.     Plaintiffs cannot assert claims on behalf of the purported classes because the purported classes lack sufficient numerosity to satisfy the requirements of Federal Rule of Civil Procedure 23.

11.     Plaintiffs cannot assert claims on behalf of the purported classes because the purported class claims lack sufficient commonality or typicality to satisfy the requirements of Federal Rule of Civil Procedure 23.

12.     Some or all of the Plaintiffs cannot assert claims on behalf of the purported classes because they have material and substantial conflicts with the classes they purport to represent.

13.     Class treatment is not appropriate for Plaintiffs' claims because the final relief sought by Plaintiffs relates predominantly to money damages.

14.     Assuming, arguendo, solely for purposes of this defense that some or all of the alleged incidents complained of occurred, Plaintiffs cannot maintain a claim for hostile work environment because those incidents were not sufficiently pervasive, severe, or typical to constitute a hostile work environment.

15.     Amtrak exercises and has exercised reasonable care to prevent and correct promptly any racially harassing behavior and Plaintiffs have unreasonably failed to take advantage of preventive or corrective opportunities.

16.     Some or all of the Plaintiffs cannot maintain claims for hiring discrimination because they were not qualified for the positions that they allegedly sought.

17.     Some or all of the Plaintiffs cannot maintain claims for hiring discrimination because their non-selection for the positions that they allegedly sought was due to bona fide reasons unrelated to their race.

18.     Some or all of the Plaintiffs cannot maintain claims for discrimination in hiring, promotion, or placement because their non-selection for the positions that they allegedly sought was due to the selection of other African American candidates.

19.     The Third Amended Complaint does not support a claim for punitive damages.

20.     Plaintiffs have failed to mitigate their damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Amtrak prays that this Court rule in its favor and:

1.     Award Plaintiffs nothing for this action;

2.     Dismiss Plaintiffs' complaint in its entirety with prejudice;

3.     Award Amtrak its costs and attorneys' fees in defending this action; and

4.     Award Amtrak such other and further relief as the Court deems just and proper.

1-WA/1393748.1                                    72

Respectfully submitted,

Grace E. Speights (DC Bar No. 392091)
Robyn B. Weiss (DC Bar No. 465107)
MORGAN, LEWIS & BOCKIUS LLP
1100 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  (202) 739-3000

Melissa Rogers (D.C. Bar No. 436189)
Associate General Counsel
National Railroad Passenger Corporation
60 Massachusetts Avenue, N.E.
Washington, D.C. 20002
(202) 906-2066

Counsel for Defendant National Railroad
Passenger Corporation

Dated: February 4, 2002

## CERTIFICATE OF SERVICE

I hereby certify that copies of Defendant National Railroad Passenger Corporation's Answer to Third Amended Complaint was served this 4th day of February, 2002 by first-class mail, postage prepaid delivery upon:

> Timothy Fleming. Esq.
> Lori Kisch, Esq.
> Gordon, Silberman, Wiggins & Childs, P.C.
> 7 Dupont Circle, N.W., Suite 200
> Washington, D.C. 20036
>
> Warren K. Kaplan, Esq.
> Avis E. Buchanan, Esq.
> Susan E. Huhta, Esq.
> Washington Lawyers' Committee for Civil Rights and Urban Affairs
> 11 Dupont Circle, N.W., Suite 400
> Washington, D.C. 20036
>
> Robert F. Childs, Jr., Esq.
> Jon C. Goldfarb, Esq.
> Joel S. Isenberg, Esq.
> Gordon, Silberman, Wiggins & Childs, P.C.
> 1400 South Trust Tower
> Birmingham, AL 35203

Robyn B. Weiss