IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH CAMPBELL, *et al.*,            )
                                        )
        Plaintiffs,                     )
                                        )
v.                                      )   CIVIL ACTION NO. 1:99CV02979 (EGS)
                                        )   Judge Sullivan
NATIONAL RAILROAD PASSENGER             )
CORPORATION,                            )
                                        )
        Defendant.                      )

**FILED**
MAY - 1 2003
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## CONSENT MOTION FOR LEAVE TO AMEND THIRD AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P.15(a), and as indicated at the January 31, 2003 status conference in this case, Plaintiffs, through their undersigned counsel, respectfully move the Court for Leave to Amend the Third Amended Complaint. Defendant consents to granting Plaintiffs leave to amend the Third Amended Complaint. The grounds for this motion are set forth in the accompanying Memorandum.

Dated: May 1, 2003

Respectfully submitted,

*/s/*

Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (MD Fed Bar No. 25781)
**Gordon, Silberman, Wiggins & Childs, P.C.**
7 Dupont Circle, N.W.
Suite 200
Washington, D.C. 20036
(202) 467-4123

143

Robert F. Childs, Jr. (AL Bar No. CHI003)
Jon C. Goldfarb (AL Bar No. GOL015)
**Gordon, Silberman, Wiggins & Childs, P.C.**
1400 SouthTrust Tower
Birmingham, Alabama 35203
(205) 328-0640

*/s/ Warren K. Kaplan (LBK)*
Warren K. Kaplan (DC Bar No. 034470)
Susan E. Huhta (DC Bar No. 4534478)
**Washington Lawyers' Committee for Civil Rights and Urban Affairs**
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036
(202) 319-1000

*ATTORNEYS FOR THE PLAINTIFFS*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAY - 1 2003

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

KENNETH CAMPBELL, *et al.*,

    Plaintiffs,

v.

NATIONAL RAILROAD PASSENGER
CORPORATION, *et. al.*,

    Defendants.

CIVIL ACTION NO. 1:99CV02979 (EGS)
Judge Sullivan

### MEMORANDUM IN SUPPORT OF CONSENT MOTION
### FOR LEAVE TO AMEND THIRD AMENDED COMPLAINT

Plaintiffs, through their undersigned Counsel, and with Defendant's consent, respectfully request that this Court grant their Motion to Amend the Third Amended Complaint.

### I. BACKGROUND

From July 28, 2000, through January 16, 2001, twenty-one (21) current and former employees of Amtrak[1] in New Orleans filed individual complaints against the National Railroad Passenger Corporation (Amtrak) in the United States District Court for the Eastern District of Louisiana (the "New Orleans cases"). These suits were consolidated for purposes of discovery and scheduling, and the cases were all stayed pending a decision on class certification in the *Campbell* case pending before this court.

On November 26, 2002 the Honorable Helen G. Berrigan, United States District Judge,

---

[1] These individuals include: Joseph Battiste, Irwin Boatner, III, Earl Darby, Alfred Felton, Kevin Fisher, Stephanie Ann Green, Ivory Haley, Cheryl Hines, Charles McCormick, Joseph McDonald, Sean M. Mitchell, Nathan J. Mutley, Billy Newell, Carolyn Robinson, Naah N. Sabree, Tammy Shelby, Matthew S. Skidmore, Brian Smoot, Willie Thomas, Myron Walker, Sr., and Andrea Weathersby.

Eastern District of Louisiana, ruled that the parties must advise the court on the procedural status of the 21 stayed New Orleans cases, along with a suggested course of action. After consultation with the attorneys involved in the New Orleans cases, the parties before this Court agreed to include the New Orleans cases as part of the *Campbell* litigation because the New Orleans plaintiffs fell within the Third Amended Complaint's definition of the putative class(es) in *Campbell*.

Accordingly, the parties agreed that Plaintiffs would request this Court to grant leave to file a Fourth Amended Complaint (Ex. 1 hereto) to include one or more of the plaintiffs from the New Orleans cases as a named plaintiff and putative class representative in *Campbell*, and, thereby, to merge the remaining New Orleans plaintiffs into the putative *Campbell* class(es). The parties further agreed to execute tolling agreements for the remaining New Orleans plaintiffs to preserve their claims in all events.[2] (These matters were raised with this Court by the parties at the last status conference, on January 31, 2003.) On March 17, 2003, in response to the aforementioned status report and a joint motion by the parties, Judge Berrigan ordered the dismissal of the New Orleans plaintiffs' cases without prejudice, permitting the New Orleans plaintiffs to reinstitute their claims within 60 days of dismissal. See Ex. 3.

## II.   NEW ORLEANS LITIGANT JOSEPH MCDONALD SHOULD BE INCLUDED AS A NAMED PLAINTIFF AND CLASS REPRESENTATIVE IN *CAMPBELL*

Joseph McDonald is one of the 21 New Orleans litigants. He filed a charge of race discrimination with the Louisiana Commission on Human Rights and the United States Equal

---

[2] A copy of the Standstill Agreement to be executed for each of the New Orleans litigants who will not be added as a named plaintiff, but instead will become a putative class member in *Campbell*, is attached hereto as Ex. 2.

Employment Opportunity Commission on December 1, 2000, and was issued a Notice Of Right-To-Sue on June 6, 2001. He filed suit in the United States District Court for the Eastern District of Louisiana on August 23, 2000, and amended his complaint on January 16, 2001. McDonald raises claims of race discrimination and retaliation pursuant to 42 U.S.C. § 1981 and Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e, *et seq*. McDonald does not raise any additional types of claims of discrimination that are not already raised in *Campbell*.[3]

Furthermore, Defendant Amtrak is in agreement with Plaintiffs that judicial economy and the interests of justice are best served by the addition of McDonald as a named plaintiff and as a putative class representative in *Campbell*. Fed. R. Civ. P. 15(a) provides:

> A party may amend [its] pleading . . . by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

In deciding whether to grant leave, an important consideration is the potential of prejudice to the adverse party. See Atchinson v. District of Columbia, 73 F.3d 418, 426-27 (D.C. Cir. 1996). Here, the consent of the adverse party ensures that no prejudice will result from granting this motion, and leave to amend should be freely given.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs, with the consent of Defendant, request that this Court grant leave to Plaintiffs to amend the Third Amended Complaint to add McDonald as a named Plaintiff and Class Representative.

---

[3] In accordance with the Court's June 20, 2000 Order and pursuant to the agreement of the parties, those labor organizations previously named as defendants and former named plaintiff Miriam Morgan are omitted from Plaintiffs' Fourth Amended complaint.

3

Respectfully submitted,

_____
Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (MD Fed Bar No. 25781)
**Gordon, Silberman, Wiggins & Childs, P.C.**
7 Dupont Circle, N.W.
Suite 200
Washington, D.C. 20036
(202) 467-4123


Robert F. Childs, Jr. (AL Bar No. CHI003)
Jon C. Goldfarb (AL Bar No. GOL015)
**Gordon, Silberman, Wiggins & Childs, P.C.**
1400 SouthTrust Tower
Birmingham, Alabama 35203
(205) 328-0640

_____ (LBK)
Warren K. Kaplan (DC Bar No. 034470)
Susan E. Huhta (DC Bar No. 4534478)
**Washington Lawyers' Committee for Civil
        Rights and Urban Affairs**
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036
(202) 319-1000

*ATTORNEYS FOR THE PLAINTIFFS*