IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH CAMPBELL, et al., )<br>  )<br>Plaintiffs, )<br>  )<br>v. )<br>  )<br>NATIONAL RAILROAD PASSENGER )<br>CORPORATION, et. al., )<br>  )<br>Defendants. )<br>_____ ) | CIVIL ACTION NO. 1:99CV02979 (EGS)<br><br>CLASS ACTION |

**JOINT PROPOSED SCHEDULING ORDER**

Pursuant to this Court's November 16, 2011 Minute Order, the parties in the above-captioned action hereby jointly provide a proposed scheduling order:

1. **Expert Reports, Class Certification Briefing, and Summary Judgment Briefing**

   a. Pre-class certification discovery has concluded, except as provided by the Court's November 15, 2011 Minute Order.

   b. Plaintiffs shall deliver to Defendant a settlement demand by **December 20, 2011**.

   c. Defendant shall deliver a response to Plaintiffs' settlement demand by **January 4, 2012,** which shall include a decision on whether or not to engage in mediated settlement negotiations prior to class certification and summary judgment motion briefings. If Defendant accepts mediation, then the remainder of this schedule, except for ¶4, shall be void. The parties will promptly inform the Court accordingly.

   d. The depositions permitted by the Court's November 15, 2011 Minute Order will be completed by **February 7, 2012**.

   e. Plaintiffs' expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) and Plaintiffs' Motion for Class Certification shall be served by **February 17, 2012**.

   c. Defendant may depose Plaintiffs' experts and any individual who submits an affidavit, declaration, or statement in support of Plaintiffs' Motion for Class Certification by **May 11, 2012**.

   d. Defendant's expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B), Defendant's Opposition to Plaintiffs' Motion for Class Certification, and Defendant's motion for summary judgment on class-related issues shall be served by **June 22, 2012**.

 e. Plaintiffs may depose Defendant's experts and any individual who submits an affidavit, declaration, or statement in support of Defendant's Opposition to Plaintiffs' Motion for Class Certification and/or its motion for summary judgment on class-related issues by **September 14, 2012**.

 f. Plaintiffs' reply expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B), Plaintiffs' reply in support of their Motion for Class Certification, and Plaintiffs' Opposition to Defendant's motion for summary judgment on class-related issues shall be served by **October 19, 2012**.

 g. Defendant may depose any individual who submits an affidavit, declaration, or statement in support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment by **December 10, 2012**.

 h. Defendant's reply in support of its Motion for Summary Judgment on class-related issues shall be served by **December 31, 2012**.

2. **Pre-Class Certification Mediation Schedule**

 a. The parties agree to engage in a period of private mediation for a period of ninety (95) days, following the exchange of expert reports, class certification, and summary judgment briefing set forth above, which is by **April 1, 2013**.

 b. The Court will hold its rulings on Plaintiffs' Class Certification Motion and Defendant's Motion for Summary Judgment on class-related issues in abeyance pending the parties' attempt to resolve the matter through private mediation. The Court will issue a separate order of mediation at the appropriate time.

3. **Limitations on Discovery**

 a. The parties will endeavor to limit the length of expert depositions to one (1) day or seven (7) hours per individual deposed, and the depositions of any individual who submits an affidavit, declaration, or statement in support of or in opposition to class certification or summary judgment to no more than three (3) hours. The parties agree to attempt to reach mutual agreement with respect to exceeding the agreed upon limits on the length of depositions in advance of the depositions, and to obtain approval from the Court if the parties cannot agree.

 b. If Plaintiffs or Defendant wishes to depose any individual (including any Plaintiff) who has already been deposed in this case, who submits an affidavit, declaration, or statement in connection with the class certification or summary judgment briefing described above, the parties agree to attempt to reach a mutual agreement on whether the individual may be re-deposed. If the parties cannot agree, the moving party shall identify those individuals to the Court and submit a justification for the deposition(s). The opposing party shall have seven (7) days from service to respond. The moving party shall have five (5) days from service of Plaintiffs' response to file a reply. The Court shall decide whether any or all such individuals shall be re-deposed. Any such depositions shall be limited to matters raised in the affidavit, declaration, or statement regarding which the

      individual has not already been deposed and to matters, if any, that the deponent raises during the deposition, except as otherwise directed by the Court.

  c.    The deposition limitation allowing ten (10) depositions per side in complex cases in Local Rule 26.2(b) will not apply, except that neither side may take more than two (2) depositions simultaneously, unless the parties shall agree otherwise.

  d.    The parties shall be permitted to issue document requests and interrogatories and take the depositions of the other parties' experts within the limitations set forth by the Federal Rules of Civil Procedure and within the scope of the stipulation between the parties dated October 8, 2009 and September 1, 2010.

**4.    Post-Mediation Deadlines**

  a.    Should the parties be unable to resolve the matter through private mediation, the parties agree to confer within a reasonable time on a schedule for the remainder of the case through trial.

SO ORDERED this 30th day of November, 2011.

Honorable Emmet G. Sullivan
United States District Judge