UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
KENNETH CAMPBELL, et al.,           )
                                    )
          Plaintiffs,               )
                                    )
     v.                             ) Civil Action No. 99-2979 (EGS)
                                    )
NATIONAL RAILROAD PASSENGER         )
CORPORATION,                        )
                                    )
          Defendant.                )
_____)

**MEMORANDUM OPINION**

When a plaintiff files a lawsuit, he takes on certain responsibilities, including the duty to participate in discovery in good faith. A component of this duty is that parties must appear for properly noticed depositions. Robert Guerra and Terrence Whitesides, two named plaintiffs in this putative class action against the National Railroad Passenger Corporation ("Amtrak"), failed to appear for their depositions during the class-discovery phase of litigation. Pending before the Court is Amtrak's motion for relief under Federal Rule of Civil Procedure 37(d), which seeks exclusion of the legal claims of Guerra and Whitesides and an award of costs and attorneys' fees.

The failure of Guerra and Whitesides to appear for depositions is disturbing and the Court finds itself required by Rule 37(d) to award Amtrak some of the expenses incurred as a result of that failure. Nevertheless, the Court "has the right, if not the

duty, to temper justice with understanding." 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2284 (3d ed. 2015). Because the existing record does not provide detail regarding the plaintiffs' claimed inability to pay or the amount of costs and fees that Amtrak seeks to recover, the Court requires more information before fashioning an appropriate monetary sanction. In view of the fact that any prejudice caused by plaintiffs' actions can be cured by striking the evidence they submitted in support of class certification, the Court concludes that dismissal of their legal claims would be excessive. Accordingly, upon consideration of Amtrak's motion, the response and reply thereto, the applicable law, and the entire record, the Court **GRANTS IN PART AND DENIES IN PART** Amtrak's motion.

**I.  Background**

On March 1, 2012, the Court entered an Amended Scheduling Order. *See* Amended Scheduling Order, ECF No. 310. That Order provided that Amtrak would be permitted to depose "any individual who submits an affidavit, declaration, or statement in support of Plaintiff's Motion for Class Certification." *Id.* at 1. Plaintiffs Guerra and Whitesides each submitted declarations in support of plaintiffs' motion for class certification. *See* Declaration of Robert Guerra, ECF No. 304-8 at 327-335; Declaration of Terrence Whitesides, ECF No. 304-8 at

521-27. Rather than deposing everyone who submitted a declaration, Amtrak selected forty-one individuals, including Guerra and Whitesides. *See* Declaration of Katherine L. Hoekman ("Hoekman Decl."), ECF No. 332-2 ¶ 4. In addition to the issues with Guerra and Whitesides, scheduling issues arose regarding other depositions, persuading the Court to grant two extensions of the deposition deadline, for a total extension of twenty-four days. *See* Minute Order of May 11, 2012; Minute Order of June 5, 2012.

    **A.**    **Mr. Guerra Fails to Appear for a Deposition.**

After significant difficulty scheduling Mr. Guerra's deposition, plaintiffs' counsel informed Amtrak on June 6, 2012 that Mr. Guerra could be available for a deposition on June 7, 2012. *See* Hoekman Decl. ¶ 15. Mr. Guerra's deposition was noticed for 9:00 a.m. on June 7, 2012 in Washington, D.C. *See id.* ¶ 19; Guerra Deposition Notice, Ex. K to Mot. to Exclude, ECF No. 332-13. Shortly after 9:00 a.m., plaintiffs' counsel informed defendant's counsel by phone that Mr. Guerra would not be attending. *See* Hoekman Decl. ¶ 20. Plaintiffs' counsel explained the reasons more fully in an email later that morning:

> We understand that Robert Guerra decided not to appear for his deposition this morning out of his personal concerns and fears of retaliation, including possible retribution by former co-workers if he were to testify at this time. . . . [W]e recognize that the court reporter appearance fee must be paid. We will tender that payment forthwith if Amtrak will agree not to pursue

3

any other monetary sanction against Mr. Guerra or Plaintiffs' counsel.

Ex. L to Def.'s Mot., ECF No. 332-14 at 2; *see also* Declaration of Timothy B. Flemming ("Flemming Decl."), ECF No. 341-1 ¶ 10. Amtrak's counsel had prepared for the deposition before it was cancelled. *See* Hoekman Decl. ¶ 23.

**B. Mr. Whitesides Fails to Appear for a Deposition.**

Plaintiffs' counsel suggested that Mr. Whitesides be deposed in New York City on May 2, 2012 at 2:00 p.m. *See id.* ¶ 24. A deposition notice for that date, time, and location was issued. *See id.* ¶ 25; First Whitesides Dep. Notice, Ex. P to Def.'s Mot., ECF No. 332-18. At 9:00 p.m. on May 1, 2012, plaintiffs' counsel informed defendant's counsel that the deposition could not go forward. *See* Hoekman Decl. ¶ 26. Plaintiffs' counsel had "just received a phone call from Terrence Whitesides" who "experienced a death in his family this evening, apparently a relative to whom he was close." Ex. Q to Def.'s Mot., ECF No. 332-19.

Plaintiffs' counsel later proposed that the deposition take place on May 23, 2012 at 2:00 p.m. in Washington, D.C. *See* Ex. R to Def.'s Mot., ECF No. 332-20 at 2. Amtrak issued a deposition notice for that date, time, and location. *See* Second Whitesides Dep. Notice, Ex. T to Def.'s Mot., ECF No. 332-22. On May 22, 2012, plaintiffs' counsel cancelled Mr. Whitesides's deposition,

due to their inability to contact Mr. Whitesides. *See* Ex. U to Def.'s Mot., ECF No. 332-23 at 2; Flemming Decl. ¶ 12 ("Plaintiffs' counsel were unable to contact Whitesides after repeated attempts. We kept trying, without success, right up to the day before the deposition."). Due to the short notice of each cancellation, Amtrak's attorneys had twice begun preparing for Mr. Whitesides's deposition. *See* Hoekman Decl. ¶ 30.

**C.  Amtrak Moves for Relief Under Rule 37(d).**

Currently pending before the Court—and scheduled to be argued on June 15, 2015—are plaintiffs' motion for class certification and defendant's motion for partial summary judgment on the plaintiffs' disparate-impact claims. *See* Mot. to Certify Class, ECF No. 303; Mot. for Partial Summ. J., ECF No. 328. Amtrak has also moved to strike the individual claims of plaintiffs Guerra and Whitesides, and for payment of attorney's fees and costs in connection with those plaintiffs' failure to appear for depositions. *See* Mem. in Supp. of Mot. to Strike Guerra and Whitesides ("Mot."), ECF No. 332-1. Plaintiffs oppose the motion, Opp. to Mot. to Strike Guerra and Whitesides ("Opp."), ECF No. 341, and Amtrak has filed a reply brief. *See* Reply in Supp. of Mot. to Strike Guerra and Whitesides ("Reply"), ECF No. 361. Because Amtrak's motion to exclude raises a discrete issue that is distinct from the motions to be argued on June 15th, the Court finds that it is efficient to address the motion

separately. Because the parties' positions on the motion to exclude are clear from their pleadings, oral argument is unnecessary.

## II. Analysis

The Court's authority to sanction parties for discovery violations derives from Federal Rule of Civil Procedure 37, which permits the Court, "on motion, [to] order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A). There is no dispute that Guerra and Whitesides failed to appear for properly noticed depositions. The dispute is over the appropriate sanction.

Amtrak asserts that the only effective sanction would be dismissal with prejudice, as well as an award of the attorney's fees and costs incurred by Amtrak in preparing for the cancelled depositions and litigating this motion. *See* Mot. at 1. Plaintiffs argue that dismissal is not warranted because lesser sanctions would mitigate any prejudice to Amtrak, and that an award of costs and fees is not warranted because of the inability of Guerra and Whitesides to pay. *See* Opp. at 4; Flemming Decl. ¶ 15.

"District courts . . . possess broad discretion to impose sanctions for discovery violations under Rule 37." *Parsi v. Daioleslam*, 778 F.3d 116, 125 (D.C. Cir. 2015). "The central

6

requirement of Rule 37 is that 'any sanction must be just,' which requires in cases involving severe sanctions that the district court consider whether lesser sanctions would be more appropriate for the particular violation." *Bonds v. District of Columbia*, 93 F.3d 801, 808 (D.C. Cir. 1996) (quoting *Ins. Corp. v. Compagnie des Bauxites de Guinée,* 456 U.S. 694, 707 (1982)). Rule 37 contains a non-exhaustive list of potential sanctions, which include the establishment of adverse findings of fact, striking pleadings, and dismissing a case or entering a default judgment. *See* Fed. R. Civ. P. 37(b)(2)(A).

    **A.    Dismissal Is Not Warranted.**

Dismissal under Rule 37 is "'an extremely harsh sanction.'" *Founding Church of Scientology v. Webster*, 802 F.2d 1448, 1459 (D.C. Cir. 1986) (quoting *Trakas v. Quality Brands, Inc.*, 759 F.2d 185, 186 (D.C. Cir. 1985)). It is "'to be taken only after unfruitful resort to lesser sanctions.'" *Id.* (quoting *Jackson v. Washington Monthly Co.*, 569 F.2d 119, 123 (D.C. Cir. 1977)); *see also Bonds*, 93 F.3d at 808 ("Particularly in the context of litigation-ending sanctions, we have insisted that '[s]ince our system favors the disposition of cases on the merits, dismissal is a sanction of last resort to be applied only after less dire alternatives have been explored without success or would obviously prove futile.'") (quoting *Shea v. Donohoe Const. Co.*, 795 F.2d 1071, 1075 (D.C. Cir. 1986)) (alteration in original).

"[D]ismissal is warranted when (1) the other party has been 'so prejudiced by the misconduct that it would be unfair to require [the party] to proceed further in the case,' (2) the party's misconduct has put 'an intolerable burden' on the court by requiring the court to modify its own docket and operations in order to accommodate the delay, *or* (3) the court finds it necessary 'to sanction conduct that is disrespectful to the court and to deter similar misconduct in the future.'" *Bradshaw v. Vilsack*, 286 F.R.D. 133, 140 (D.D.C. 2012) (quoting *Webb v. District of Columbia*, 146 F.3d 964, 971 (D.C. Cir. 1998)) (emphasis and alteration in original).[1] In this case, an Order

---

[1] The Court rejects Amtrak's argument that these legal standards are inapplicable. *See* Reply at 1–2 & n.1. Amtrak distinguishes *Shea v. Donohoe Const. Co.*, 795 F.2d 1071 (D.C. Cir. 1986) because it dealt with attorney misconduct rather than party misconduct. *See* Reply at 2. The D.C. Circuit applies *Shea* to requests for dismissal due to a party's misconduct as well. *See, e.g.*, *Webb*, 146 F.3d at 971 (relying on *She*a in a case involving discovery misconduct by a party). Amtrak's argument that other cases are inapplicable because they dealt with failures to respond to discovery other than depositions is also incorrect. The Court must examine similar factors before granting a dismissal due to a party's failure to appear for a deposition. *See, e.g.*, *Founding Church of Scientology*, 802 F.2d at 1458 (citing *Shea* in case involving Rule 37 sanctions for failure to appear for a deposition, and noting that the Court should consider, *inter alia*, "the deterrent effect a sanction will have" and "the fundamental concern of avoiding the squandering of scarce judicial resources"); *Perez v. Berhanu*, 583 F. Supp. 2d 87, 91 (D.D.C. 2008) (considering the three factors in a case involving sanctions for, *inter alia*, failure to appear for a deposition). Indeed, Rule 37(d) encompasses not only failures to sit for depositions, but also failures to respond to interrogatories or requests for inspection. *See* Fed. R. Civ. P. 37(d)(1)(A)(ii).

8

striking the declarations submitted by Guerra and Whitesides in support of class certification would cure any prejudice to Amtrak. The burden on the Court may in no way be characterized as "intolerable." Finally, although deterrence is an important concern, it must also be proportional to the party's action and the striking of the declarations of Guerra and Whitesides, combined with a partial award of expenses, will suffice.[2]

   1.   *Prejudice*

"In determining whether a party's misconduct prejudices the other party so severely as to make it unfair to require the other party to proceed with the case, courts look to whether the aggrieved party has cited specific facts demonstrating actual prejudice, such as the loss of key witnesses." *Bradshaw*, 286 F.R.D. at 140-41. This generally requires a showing that "the errant party's behavior 'has severely hampered the other party's ability to present his case.'" *Carazani v. Zegarra*, 972 F. Supp. 2d 1, 12 (D.D.C. 2013) (quoting *Webb*, 146 F.3d at 971).

---

[2] The legal authorities relied upon by Amtrak in support of its request for dismissal may be swiftly distinguished. *Gurara v. District of Columbia*, No. 2-cv-196, 2006 WL 2501574 (D.D.C. Mar. 6, 2006) addressed the standard for dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b), which has not been invoked in this Rule 37 motion. *See id.* at *1 n.1. *American Property Construction Co. v. Sprenger Lang Foundation*, 274 F.R.D. 1 (D.D.C. 2011) recognized, as this Court recognizes, that dismissal is *an option* when Rule 37 is violated. *See id.* at 12. That court, however, declined to impose dismissal just as this Court does. *Id.*

Prejudice will not be found merely because a plaintiff's behavior caused the defendant "to waste time and money while defending this action." *Davis v. D.C. Child & Family Servs. Agency*, 304 F.R.D. 51, 61-62 (D.D.C. 2014); *see also Wash. Metro. Area Transit Comm'n v. Reliable Limousine Serv.*, 776 F.3d 1, 5 (D.C. Cir. 2015) ("delay that merely prolongs litigation 'is not a sufficient basis for establishing prejudice'") (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)).

Amtrak did not explain any prejudice it may have suffered, and the only prejudice that may be discerned from its pleadings is that it was forced to expend time and money preparing for depositions that never took place. This is insufficient to support dismissal. *See Wash. Metro. Area Transit Comm'n*, 776 F.3d at 5 (delay alone is not prejudice); *Davis*, 304 F.R.D. at 61-62 (delay and expenditure of money are not prejudice).

To be sure, Amtrak is clearly prejudiced by its inability to examine Guerra and Whitesides regarding the facts they proffered in their declarations in support of the plaintiffs' motion for class certification. *Cf.* Reply at 4 (noting that "Amtrak went to great lengths to determine who it would depose based on the declarants' specific personal allegations and their purported knowledge of facts to support Plaintiffs' class-based allegations"). The Court does not doubt that the inability to cross-examine a witness regarding a material fact within that

10

witness's personal knowledge could prejudice a party. Here, however, any prejudice arising from Amtrak's inability to examine Guerra and Whitesides may be fully cured by striking the declarations submitted by Guerra and Whitesides. Accordingly, this is not a case where discovery-related misconduct irrevocably damages a party's ability to prove its case. *See, e.g.*, *Embassy of Fed. Republic of Nigeria v. Ugwuonye*, 292 F.R.D. 53, 58 (D.D.C. 2013) (default judgment for failure properly to answer interrogatories and produce documents was appropriate because the plaintiff was unable to obtain information vital to presenting its case and opposing a counterclaim); *Berhanu*, 583 F. Supp. 2d at 91 (defendants' refusal to participate at all in discovery caused prejudice because "[p]laintiffs are unable to present their case for a merits resolution without any discovery from defendants"). For that reason, dismissal is not necessary to cure the prejudice to Amtrak; a lesser sanction will make Amtrak whole.

   2.   *Burden on the Court*

The Court may also order dismissal when "the delay or misconduct would require the court to expend considerable judicial resources in the future in addition to those it has already wasted, thereby inconveniencing many other innocent litigants in the presentation of *their* cases." *Shea*, 795 F.2d at 1075-76 (emphasis in original); *see also Bradshaw*, 286 F.R.D. at

11

140 (dismissal may be appropriate when the burden placed on the Court is "'intolerable'") (quoting *Webb*, 146 F.3d at 971). "District courts have substantial discretion in determining whether it would be overly burdensome to take remedial action less drastic than outright dismissal." *Bradshaw*, 286 F.R.D. at 141. Amtrak offers no argument on this point, and the Court perceives only a minimal burden.

   *3. Deterrence*

The Court may also resort to dismissal when necessary for its deterrent value. "A discovery sanction imposed for its deterrent effect 'must be calibrated to the gravity of the misconduct,' and courts should avoid 'pointless exactions of retribution.'" *Id.* at 142 (quoting *Bonds*, 93 F.3d at 808) (alterations omitted). Deterrence may support a case-dispositive sanction where, for example, noncompliance with discovery was a strategic decision. *See Founding Church of Scientology*, 802 F.2d at 1458 (upholding dismissal as sanction for failure of leader of a plaintiff-organization to appear for a deposition based in part upon "substantial evidence tha[t] the arrangement by which Hubbard could communicate with the Church only at his initiative was in fact designed to shield Hubbard from legal process").

Amtrak asserts that the deterrent value of lesser sanctions would be insufficient because "if Guerra and Whitesides are not dismissed, it essentially allows Plaintiffs to pick and choose

12

Case 1:99-cv-02979-EGS Document 375 Filed 05/04/15 Page 13 of 17

which declarants should be deposed, depending on the strength and veracity of their claims." Reply at 4. This overstates the misconduct that is actually at issue. No evidence has been proffered to suggest that plaintiffs' counsel or any other plaintiff was involved in the decisions of Guerra and Whitesides not to appear. A different result might be warranted if the record permitted the Court to infer that the failure to appear was due not to the reasons given, but to a strategic decision.

That is not to approve of either plaintiff's actions. There were ways to address Mr. Guerra's concern without violating his duty to appear for a properly noticed deposition. Had he expressed concerns in advance, his counsel could have sought to reach an agreement with Amtrak regarding additional protections, moved for a protective order, or otherwise assuaged his concerns. Although Mr. Whitesides's first failure to appear is eminently understandable—he suffered a death in the family the evening before his deposition was scheduled and promptly notified his lawyer—his second failure to appear is unexplained. Mr. Guerra's failure to appear and Mr. Whitesides's second failure to appear warrant a sanction to deter similar conduct in the future. Consistent with the Court's duty to "consider whether lesser sanctions would be more appropriate for the particular violation," *Bonds*, 93 F.3d at 808, the Court concludes that deterrence is served by: (1) striking the

13

declarations of Guerra and Whitesides; and (2) a partial award of expenses, as discussed below.

**B.    The Court Will Award Some Expenses.**

Rule 37 requires the Court to order "the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Plaintiffs bear the burden of proving that their failure was "substantially justified" or that circumstances render an award "unjust." *See Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir. 2008). Plaintiffs argue that an award of expenses would be unjust because "[n]either Guerra nor Whitesides have the personal financial resources to pay." Opp. at 4; *see also* Flemming Decl. ¶ 15 ("both Mr. Guerra and Mr. Whitesides have limited financial means and would be unable, or it would be a hardship for them, to pay Amtrak's attorneys' fees or costs"). They therefore suggest an award of only the costs attributable to the court-reporter cancellation fees. *See* Opp. at 4. Amtrak subsequently advised the Court that those fees have been waived. *See* Reply at 4.[3]

---

[3] As a preliminary matter, the Court finds that Mr. Whitesides's failure to appear on May 2, 2012 was substantially justified. Mr. Whitesides suffered a death in the family the evening prior to the day of his deposition and promptly notified his counsel

14

The Court begins with the proposition that "[a] flat per se policy against the imposition of sanctions under . . . Rule 37 upon any party who is financially indigent does not accord with the purposes of that rule and would open the door to many possible abuses." *Bosworth v. Record Data of Md., Inc.*, 102 F.R.D. 518, 521 (D. Md. 1984). Such a holding would grant a party *carte blanche* to abuse the discovery process. Nonetheless, a party's inability to pay a sanction is a factor that the Court may consider. *See id.* ("[T]here may well be situations in which financial indigency will tilt against the imposition of Rule 37 sanctions."); *Marez v. Chilton*, No. 06-05028, 2007 WL 2947471, at *1 (N.D. Cal. Oct. 9, 2007) (monetary sanction not warranted where a plaintiff's "Application to Proceed In Forma Pauperis suggests that she is not able to pay sanctions in any amount.").

In this case, declining to award any expenses would leave largely unpunished the unacceptable behavior of two plaintiffs who voluntarily invoked this Court's authority by joining this lawsuit. Striking their declarations will cure any prejudice to Amtrak, but carries a relatively minimal deterrent value as there remain 100 other declarations in support of class certification. Accordingly, the Court concludes that a monetary

---

who promptly notified Amtrak's counsel. The Court declines to penalize Mr. Whitesides for such reasonable behavior and therefore looks only to Mr. Guerra's June 7 failure to appear and Mr. Whitesides's May 23 failure to appear.

sanction is appropriate to deter future discovery violations—both by Guerra and Whitesides and by others.

The Court does not have an appropriate record on which to decide precisely what monetary sanction to award, however. Plaintiffs assert that Guerra and Whitesides "would be unable, or it would be a hardship for them, to pay Amtrak's attorneys' fees or costs." Flemming Decl. ¶ 15. This vague disjunctive statement is not sufficiently detailed to assist the Court in balancing the need to fashion a sanction that would provide appropriate deterrence against the need to avoid being unjustly punitive. Amtrak asks for all costs and attorneys' fees regarding the deposition preparation and litigation of this motion, but did not provide an accounting of these fees and costs. Accordingly, the Court holds only that Rule 37(d) requires that the Court award at a minimum the non-attorney-fee costs attributable directly to the May 23 and June 7 depositions. After the parties submit pleadings with sufficiently detailed information to permit the Court to fashion an award that is both reasonable and proportional, the Court will decide whether this award is sufficient, or whether an award of some portion of the attorneys' fees attributable to the May 23 and June 7 depositions and the litigation of this motion is also warranted.

**III. Conclusion**

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Amtrak's motion for exclusion of plaintiffs Guerra and Whitesides and for related costs. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:   Emmet G. Sullivan
            United States District Judge
            May 4, 2015**